PHAEDRA A. NORTON, CITY ATTORNEY, SBN 200271
REBECCA MCKEE-REIMBOLD, ASSISTANT CITY ATTORNEY, SBN 279485
DEBRA K. COOK, DEPUTY CITY ATTORNEY, SBN 250114
JACOB S. GUERARD, DEPUTY CITY ATTORNEY, SBN 316476
CECILIA ROJAS, DEPUTY CITY ATTORNEY, SBN 340468
**OFFICE OF THE CITY ATTORNEY – CITY OF RIVERSIDE**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
gforce@riversideca.gov

Attorneys for Defendants,
CITY OF RIVERSIDE, a California charter city and municipal corporation and EVAN WRIGHT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LOPEZ,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF RIVERSIDE; EVAN WRIGHT; and DOES 1 through 10, inclusive<br><br>   Defendants. | CASE NO.: 5:21-cv-02140-PSG(JCx)<br>*[Assigned to Hon. Philip S. Gutierrez, Courtroom: 6A]*<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 TO TRIFURCATE TRIAL IN THE FOLLOWING MANNER: (1) LIABILITY AND SGT. WRIGHT'S ENTITLEMENT TO QUALIFIED IMMUNITY; (2) MUNICIPAL LIABILITY; AND (3) PUNITIVE DAMAGES AWARD; DECLARATIO OF DEBRA K. COOK; SUPPORTING EXHIBITS**<br><br>Date Action Filed: 12/28/21<br>Trial Date:   February 1, 2024 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL PLEASE TAKE NOTICE:**

On January 19, 2024, at 2:00 p.m., or as soon afterwards as the matter may be heard, in Courtroom 6A, located at 350 West First Street, Los Angeles, California, Defendants EVAN WRIGHT ("Sgt. Wright") and CITY OF

RIVERSIDE ("City") (collectively "Defendants") will move *in limine* for an order trifurcating the trial into three phases, as follows: (1) liability under the fourth amendment including adjudicating Sgt. Wright's qualified immunity affirmative defense and related state law causes of action, (2) municipal liability under *Monell*, and (3) punitive damages (if necessary).

This motion is brought on the grounds that trifurcation is statutorily permitted under FED. R. CIV. PROC. 42 and *Quintanilla v. City of Downey*, 84 F.3d 353, 355-356 (9th Cir. 1996). This Motion is further made on the grounds that adjudication of Sgt. Wright's liability (including his entitlement to qualified immunity) could obviate the need for the additional phases to the trial thereby eliminating the related time and expense to the Court and to the parties and leave unrelated issues for a separate, streamlined adjudication.

This motion is based on the attached memorandum of points and authorities, the Declaration of Debra K. Cook, all the pleadings, records, and files in this action and upon such further oral and documentary evidence as may be presented at the hearing of this motion. Pursuant to the provisions of Local Rule 7-3, this motion is made following the conferences of counsel which took place on December 11, 2023.

DATED: December 18, 2023     OFFICE OF THE CITY ATTORNEY

By:   */s/ Cecilia Rojas*
     CECILIA ROJAS
     ATTORNEY FOR DEFENDANTS
     CITY OF RIVERSIDE and EVAN WRIGHT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Defendants respectfully request an order trifurcating the trial into three phases beginning with the adjudication of Sgt. Wright's Fourth Amendment liability, qualified immunity affirmative defense, and related state law causes of action. The evidence relevant to excessive force liability and qualified immunity in this matter is entirely distinct from the evidence relevant to Plaintiff's *Monell* claim and punitive damages relief. These natural distinctions inure to a more efficient adjudication when tried in separate phases.

## II. LEGAL AUTHORITY

A motion *in limine* "is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States (1984) 469 U.S. 38, 40. Motions *in limine* are well recognized in practice and by case law. See *Ohler v. United States* (2000) 529 U.S. 753, 758; *United States v. Cook* (9th Cir. 1979) 608 F.2d 1175, 1186.

The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record. See *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir.2003) (citing *Kelly v. New West Fed. Sav*. (1996) 49 Cal. App. 4th 659, 669). Motions in limine also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial. See *US. v. Tokash*, 282 F.3d 962, 968 (7th Cir.2002).

FED. R. CIV. PROC. 42 (b) authorizes courts to order separate trials of issues or causes of action. In particular, Rule 42(b) states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, crossclaims, counter-claims, third-party claims, or issues, always preserving inviolate the right of trial by

jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

## III. ARGUMENT

### A. PLAINTIFF'S *MONELL* CLAIM SHOULD BE TRIED IN A SEPARATE PHASE

*Monell* liability is necessarily dependent upon evidence of a unique constitutional violation by the City, and only the City. This constitutional violation is entirely different from Plaintiff's Fourth Amendment claim. However, a finding of objectively reasonable conduct by Sgt. Wright would moot the *Monell* claim. "Courts routinely bifurcate trials when plaintiffs assert municipal liability under *Monell*." *Green v. County of L.A.*, 2014 U.S. Dist. LEXIS 5895 (C.D. Cal. Jan. 16, 2014). Indeed, "section 1983 actions are particularly well suited for bifurcation." *Amato v. City of Saratoga Springs*, 170 F. 3d 311, 320 (2d Cir. 1999). This case is no exception.

In *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. 1999), the Court explained:

> "Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a 'policy or custom' on behalf of the municipal entity is often unnecessary in the suit against the individual official. Furthermore, if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted since a claim of negligent training is only actionable where some constitutional violation actually occurred. [citation]. For these reasons, trial courts will, with some frequency, exercise their discretion pursuant to Rule 42(b) of the Federal Rules of Civil Procedure and sever the proceedings."

*Amato*, 170 F.3d at p. 320.

Evidence as to whether the systems, policies, and procedures used by the City to train and monitor its law enforcement personnel as to the use of firearms, weapons, and deadly and non-deadly force, and conducting searches and seizures,

failed to comply with applicable laws, and was a substantial factor in Plaintiff's alleged violation of his Fourth Amendment Rights, is relevant only to Plaintiff's *Monell* claim **against the City**. The *Monell* claim only affects the City; it has separate witnesses and evidence not needed in the other phases of the trial; and may be deemed moot after the findings of the excessive force liability phase of the trial. As a result, it is more efficiently trial separately.

### B. PLAINTIFF'S PUNITIVE DAMAGES PRAYER SHOULD BE TRIED IN A SEPARATE PHASE

Admission of evidence of Sgt. Wright's wealth or financial condition is irrelevant and prejudicial if admitted at trial on issues of liability and compensatory damages. "Issues of punitive damages should normally be bifurcated from issues of liability so that proof of wealth is not admitted at the trial on liability and compensatory damages. [citations]." *Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004). "[T]he financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded. [citations]. The rationale behind this general rule is sound. The design of compensatory damages is to make Plaintiff whole [citation], and the ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result. [citation]." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977).

The evidence that would be introduced to determine the amount of punitive damages to be assessed against Sgt. Wright is irrelevant to Plaintiff's claims of liability and compensatory damages against Defendants. All that is relevant to Plaintiff's claims of liability and compensatory damages is evidence as to the law enforcement encounter that is the subject Plaintiff's lawsuit, and whether there was a resulting constitutional injury to Plaintiff. As such, evidence as to the calculation of punitive damages and any of Sgt. Wright's financial information is highly

prejudicial with no evidentiary value for the constitutional violation. This information should be excluded from the trial of Plaintiff's claims of constitutional liability and compensatory damages and tried in a separate phase.

## IV. MEET AND CONFER

Defendants met and conferred with Plaintiff's counsel via telephone on the substance of this motion *in limine* on December 11, 2023 but an agreement could not be reached. (Rojas Decl. 5).

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this motion *in limine* No. 1 and issue an order trifurcating the instant case to three phases: (1) excessive force liability under the fourth amendment, Sgt. Wright's qualified immunity affirmative defense, and the related state law causes of action arising from the use of force, (2) *Monell* claim and (3) punitive damages, should the later phases become necessary.

DATED: December 18, 2023　　　　　OFFICE OF THE CITY ATTORNEY

By:   */s/ Cecilia Rojas*
     CECILIA ROJAS
     ATTORNEY FOR DEFENDANTS
     CITY OF RIVERSIDE and EVAN WRIGHT

# **DECLARATION OF DEBRA K. COOK**

I, DEBRA K. COOK, am licensed to practice law in all the state and federal courts in the State of California. I am admitted in U.S. District Court of California – Central District. I am presently employed as a Senior Deputy City Attorney for the City of Riverside and am counsel of record for Defendant CITY OF RIVERSIDE ("City") and EVAN WRIGHT ("Sgt. Wright") (collectively "Defendants") in this matter. I have personal knowledge of the information contained in this declaration and, if called, have sufficient competency to testify concerning this information.

1. On December 11, 2023, my supervisor and another lawyer assigned to this matter met and conferred with Plaintiff XAVIER LOPEZ's ("Plaintiff") counsel via telephone about our intentions of filing the instant motion *in limine*. I was in trial at the time and could not participate. Despite the attempt to meet and confer on this issue, the parties were not able to stipulate to trifurcate the trial into three phases (1) excessive force liability under the state and federal law including adjudicating Sgt. Wright's qualified immunity affirmative defense, (2) municipal liability under *Monell*, and (3) punitive damages relief. Attached as **Exhibit A** is a true and correct copy of the December 11, 2023 and December 12, 2023 correspondences.

I declare the foregoing to be true and correct under penalty of perjury pursuant to the laws of the United States.

Executed this 18th day of December 2023, in the City of Riverside, California.

                                        */s/ Debra K Cook*
                                        DEBRA K. COOK
                                        Declarant