# EXHIBIT "A"

| | |
|---|---|
| From: | McKee-Reimbold, Rebecca |
| To: | Marcel Sincich; dalekgalipo@yahoo.com |
| Cc: | GForce; William Price |
| Subject: | RE: Lopez- Follow Up to M&C Call |
| Date: | Tuesday, December 12, 2023 1:19:31 PM |
| Attachments: | image001.png |

Marcel,

Nice speaking with you yesterday. Please allow this email to follow up to our meet and confer call regarding potential motions in limine by both parties. This email generally tracks the order of your letter, followed by notes from our discussion regarding the City's proposed MIL.

Plaintiff's Proposed MILs

1. You indicated that Plaintiff seeks to exclude generic information unknown to Officer Wright at the time of the incident. However, we discussed how we need more clarity and what specific information. Information known or reasonably inferred by Officer Wright at the time of the incident is relevant to his assessment of the imminent danger posed by Plaintiff Lopez. Beyond that, we generally agree that other information is irrelevant to Officer Wright's state of mind but may be admissible for other reasons.

    a. Use or intoxication of drugs and/or alcohol. Officer Wright was aware of reports that Lopez recently used drugs and/or alcohol. His reasonable inference that drugs or alcohol might be a factor on scene is relevant. While the toxicology results may not be relevant to Officer Wright's state of mind, they are admissible to rebut any assertion made by Plaintiff that he was not under the influence and it is relevant to the issue of comparative fault and whether Plaintiff's reactions to officer commands were affected by drugs/alcohol.
    b. Pre-incident criminal history. Your letter does not provide any specifics about what you believe that Officer Wright did not know from any source. Notably, your letter seems to agree that any knowledge by Officer Wright of Plaintiff's pre-incident criminal history is a potentially relevant factor to his state of mind. It should also be noted that Officer Wright had information not only from Plaintiff's prior criminal records, but Officer Wright also had direct contact with Ms. Avila who conveyed information regarding Plaintiff's prior criminal history. While we agree that "unknown" aspects of Plaintiff's proper criminal history are not relevant to Officer Wright's state of mind, such prior criminal history may be potentially relevant for other purposes including but not limited to potential rebuttal of any claims by Plaintiff.
    c. Post-incident criminal history. We agree that "unknown" aspects of Plaintiff's post-incident criminal history are not relevant to Officer Wright's state of mind. However, such post-incident criminal history may be potentially relevant for other purposes including but not limited to potential rebuttal of any claims by Plaintiff and any damages claims by Plaintiff.
    d. Pre-incident criminal bad acts. While these did not result in an arrest or convictions, you indicated you believe Plaintiff has several "bad acts" which would be impermissible character evidence. Your letter seems to agree that any knowledge by Officer Wright of Plaintiff's pre-incident "bad acts" is a potentially relevant factor to his state of mind. It is our position that it goes to whether Officer Wright reasonably inferred that Plaintiff had a blatant disregard of the law which would go to his overall assessment of Plaintiff as a threat. Although your letter does not specify any "unknown" prior bad acts, on the call you mentioned that an example is: Avila testified that Plaintiff would not leave her house or tried to take her child (however I mentioned that Officer Wright knew about these instances as they were conveyed to him by Avila). On the call you gave another example- a neighbor was interviewed after the incident and told officers that Plaintiff harassed them or damaged their property. Although this is not relevant to Officer Wright's state of mind, it may be potentially relevant for other purposes including but not limited to

   potential rebuttal of any claims by Plaintiff.
  e. Details related to the gun. This case will come down to what was reasonably perceived by Officer Wright- so the description of the gun itself is absolutely relevant. Officer Wright is entitled to testify to his reasonable inference that any gun he perceived being drawn by Plaintiff was loaded. I indicated we were open to the idea of stipulating to exclude how Plaintiff acquired the gun, but that I would reach out to Debra for confirmation.
  f. City agrees that RPD findings that OIS was within policy are generally not admissible unless Plaintiff opens the door.
  g. City agrees that County decisions not to file criminal charges are generally not admissible unless Plaintiff opens the door.
2. History of Drugs and/or alcohol. As above, Officer Wright was aware of reports that Lopez used and recently used drugs and/or alcohol. His reasonable inference that drugs or alcohol might be a factor on scene is relevant. While the toxicology results may not be relevant to Officer Wright's state of mind, they are admissible to rebut any assertion made by Plaintiff that he was not under the influence and comparative fault issues.
3. History of Bad Acts. As above, information known or reasonably inferred by Officer Wright at the time of the incident is relevant to his assessment of the imminent danger posed by Plaintiff Lopez. Beyond that, we generally agree that other information is irrelevant to Officer Wright's state of mind but may be admissible for other reasons.
  a. Incidents with Ms. Avila: Any incidents with Ms. Avila which were related to Officer Wright, and reasonable inferences therefrom, go to Officer Wrights's state of mind and are admissible. In addition, incidents with Ms. Avila may be relevant for other purposes including to rebut testimony from Ms. Avila and to rebut any damages claims by Plaintiff.
  b. Leaving child outside. While this probably had no effect on Officer Wright's state of mind, may be relevant for other purposes including to rebut testimony from Ms. Avila and to rebut any damages claims by Plaintiff.
  c. Any interaction with law enforcement. Your letter provides no specifics. As above, any knowledge by Officer Wright of Plaintiff's pre-incident criminal history is a potentially relevant factor to his state of mind. We agree that "unknown" aspects of Plaintiff's proper criminal history are not relevant to Officer Wright's state of mind. However, such prior criminal history may be potentially relevant for other purposes including but not limited to potential rebuttal of any claims by Plaintiff.
  d. Gang-related information. As above, any knowledge by Officer Wright of Plaintiff's pre-incident gang activity is a relevant factor to his state of mind. Officer Wright testified he knew about Plaintiff's gang involvement before the OIS. We agree that "unknown" aspects of Plaintiff's gang history are not relevant to Officer Wright's state of mind. However, such prior history may be potentially relevant for other purposes including but not limited to potential rebuttal of any claims by Plaintiff.
  e. Social services, etc.: While this probably had no effect on Officer Wright's state of mind, may be relevant for other purposes including to rebut testimony from Ms. Avila and to rebut any damages claims by Plaintiff.
  f. Custody and child support: While this probably had no effect on Officer Wright's state of mind, may be relevant for other purposes including to rebut testimony from Ms. Avila and to rebut any damages claims by Plaintiff. For example, if Plaintiff proffers evidence at trial that he is an excellent and responsible father, then it is relevant to disprove those assertions.
4. Criminal History: You indicated you would like to exclude all of Plaintiff's criminal history even if it was known to Officer Wright because it is too "prejudicial". Defense will not agree to this- you will need to file a MIL on this.
5. Defense Expert Witnesses: Your letter offers only boilerplate objection and does not purport to identify any basis for disqualification on any expert or basis to exclude any opinion by any expert. However, on the call you were able to shed some light:
  a. On the call you mentioned your position that Craig Allen and Jeffrey Martin were duplicative/cumulative because they are in essence both liability experts with a lot of overlap. I explained that they have different backgrounds/fields of expertise: Allen is our use of force expert and Martin is our human factors experts.
  b. You mentioned on the call that both Allen and Martin provide opinions that invade "ultimate" jury decisions. You indicated you were open to agreeing to have both sides 'experts avoid legal buzz words like "reasonable" or "excessive" and instead use

       "complied with policy"– I will check with the team on this suggestion.
    c. You contend that Mr. Allen made improper credibility determinations (and his report includes a section called "propensity") and relied on a speculative stat that 99% of people react to certain situations in a certain way. Will explained that generally defense experts testify at the end of trial after foundation has already been laid and other issues have been covered by other witnesses, so it is fair game for experts to comment on. You plan to move to exclude perception reaction time- because you believe he has no basis for his opinion despite the fact that he provided detailed analysis.
    d. You indicated on the call that Brady Held's animation is unreliable/inaccurate/prejudicial because of the movement of Plaintiff's left arm and the floating yellow gun- and you inquired if those items could be changed. You also indicated the animation in reverse is confusing and should be excluded.
    e. On the call you mentioned that Held and Ward are cumulative as they both provide video analysis. You also indicated it was prejudicial to have the video zoomed in as it makes the gun look larger than it was and it is unnecessary to have the video annotated.
    f. Breen- you will seek to exclude him because he could not testify to a degree of certainty that Lopez was under the influence of alcohol given his .05 BAC.
6. Third-Party Witnesses: Your letter offers only boilerplate objection and does not purport to identify any basis to exclude any of these witnesses or any basis to exclude any percipient testimony from any of these witnesses. It is difficult for us to respond to your request to exclude 7 witnesses. On the call you indicated you believe all 7 of these witnesses are only character witnesses. We disagree. I reached out to Debra – and she confirmed she does not plan to call Nancy Bravo or Maria Lydia Lopez to testify at trial, so no need to file a MIL for those 2 witnesses.
7. Questions to Plaintiff on "Legal Conclusions". Your letter offers only boilerplate objection and does not purport to identify any specific evidence to exclude. It is certainly permissible to ask a party, e.g., how fast were they driving, how fast was the speed limit, and did they know they were violating the speed limit. In this case for example it is relevant whether Plaintiff knew he was breaking the law by not complying with the officers' lawful commands and by drawing a firearm on the officers. On our call we asked you to please identify what specific evidence you think it impermissible for this category.
8. Statements by Lopez in Hospital. Your letter does not identify any statements or evidence you hope to exclude. Plaintiff's admissions in the hospital are statements against interest and admissible. Statements to the effect that he did pull a gun directly corroborate what Officer Wright saw and rebut any claim to the contrary by Plaintiff. This is a civil case and *Miranda* is irrelevant. On the call you indicated your position is that Plaintiff was in pain and/or on pain medication so he provided unreliable and "incoherent" statements- however we are unaware of any evidence to support that claim.

<u>Defense Proposed MIL</u>
1. In response to our proposed MIL to exclude Plaintiff's non-retained experts: you indicated that you provided an "Amended Expert Disclosure" to address the issues Debra raised in her prior meet and confer. Your position is that you narrowed your experts to 4 non-retained and that you believe that your amendment provides additional information that is code compliant.

2. In response to our proposed MIL to exclude Roger Clark- you indicated we needed to file this motion. As to the concern his opinions invaded the province of the jury - you indicated you were open to agreeing to have both sides 'experts avoid legal buzz words like "reasonable" or "excessive" and instead use "complied with policy"– I will check with the team on this suggestion.

3. In response to our proposed MIL to exclude Wrights' prior use of force and any prior discipline- your position is that they are relevant to punitive damages and you indicated that if Wright opens the door, then it becomes relevant to liability. However, you said you would discuss this issue with Dale.

4. Monell- you indicated you would see if Dale would stip to dismiss the Monell claim.

5. Trifurcate: you said you would speak with Dale. You indicated he would probably be agreeable to have the amount of punitives decided in separate phase, but would not agree to have liability decided separate from damages so we would need to file a motion.

<u>Miscellaneous</u>

You indicated you would send over draft Witness List and Exhibit list so that we can create joint documents and that you would send over a non-argumentative list of proposed stipulated facts.

Thanks,
Rebecca

**From:** McKee-Reimbold, Rebecca
**Sent:** Monday, December 11, 2023 11:28 AM
**To:** Marcel Sincich <msincich@galipolaw.com>; dalekgalipo@yahoo.com
**Cc:** GForce <GForce@riversideca.gov>; William Price <WPrice@williamrprice.com>
**Subject:** RE: Lopez- Meet and Confer Dec 11 at 2:00

Marcel,

After touching base with Debra, below are the City's intended MILs that we will discuss on our call:

1. MIL to exclude all of Plaintiff's non-retained experts- Plaintiff's disclosures were not sufficient per code. Debra indicated she previously sent you a detailed meet and confer on this issue. Disclosure of a "non-retained" expert must state: (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Here, Plaintiff only provided boilerplate disclosures for his non-retained experts. While the disclosure states the identity of the non-retained expert, plaintiff failed to provide any indication as to the actual "facts and opinions" to which any of the non-retained experts, would testify. They are so vague that they do not even identify the particular type of medical care each of the non-retained experts provided. In addition, Dr. Fawibe was not initially disclosed, but rather only later identified through "amendment".
2. MIL to Exclude Officer Wright's prior use of force and any prior discipline as they involve completely different circumstances, are irrelevant, and prejudicial as they create a risk of confusing the jury and it would be a waste of limited judicial resources to have a mini-trial on a completely unrelated prior incident.
3. MIL to Exclude Roger Clark- 1) Mr. Clark's opinions that the defendant officers' use of force in this case was excessive and unreasonable are inadmissible because he is, in effect, telling the jury how they should decide the ultimate issues in this case. In excessive force cases, an expert may not opine on whether the Defendants use of force was reasonable under the circumstances as this is just such an opinion on an ultimate issue of law that risks usurping the jury's province; 2) Mr. Clark is not qualified to offer opinions in this case as he has no expertise in human factors so we intend to challenge the basis of his opinion under Federal Rule of Evidence 702.
4. MIL to exclude the Monell Claim –Plaintiff cancelled the depositions of the City's PMK on our policies to avoid extending discovery cut-off and our experts were not asked about Monell issues in deposition.
5. MIL to trifucate the trial into 3 phases: 1) liability, 2) damages, and 3) punitives.

Looking forward to our call this afternoon.

Rebecca

**From:** McKee-Reimbold, Rebecca
**Sent:** Wednesday, December 6, 2023 12:55 PM
**To:** Marcel Sincich <msincich@galipolaw.com>; dalekgalipo@yahoo.com
**Cc:** GForce <GForce@riversideca.gov>; William Price <WPrice@williamrprice.com>
**Subject:** Lopez- Meet and Confer Dec 11 at 2:00

Marcel,

We are in receipt of your letter dated 12/4/23. As you know, Debra is in trial on another matter. Her trial is not expected to finish until Dec 15. I have not been involved in any of the depositions in this case. In order to have a meaningful conversation about the issued raised in your letter, I would need time to review all of the depo transcripts. As I mentioned yesterday, we have also retained Will Price to help us with this case. However, he also needs time to get caught up to speed and advised he is in depositions all this week. Can we schedule a time for a call on Monday at 2:00?

In order to have a productive conversation – we will need some clarification:

1. What specific information do you contend was unknown to Officer Wright at the time of the incident? It is my understanding that Officer Wright testified he was aware of Plaintiff's prior criminal history.
2. History of drug/alcohol use: It is my understanding that Officer Wright testified that he was aware of Plaintiff's prior drug history before the incident. More importantly, Plaintiff's ability to make sound decision on the day of the incident is relevant to all causes of action, it is specifically relevant to the issue of comparative fault and a specific jury instruction (CACI 404) recognizes in its notes that "intoxication…is a circumstance for the jury to consider in determining whether intoxication was a contributing cause."
3. Your letter states you plan to seek to "exclude or limit" all of the third party witnesses. Which ones do you plan to exclude entirely verses which ones do you plan to limit the scope of their testimony? For the witness that you contend the scope of their testimony should be limited, what are you contending falls outside of permissible scope of testimony for each third party witness?
4. Your letter repeats boilerplate legalese to exclude all of our experts. It would be appreciated if you could actually identify the basis to challenge each expert.
5. Your letter states you plan to seek to exclude "statements made by Plaintiff while in the hospital". Can you please clarify what specific statements you are seeking to exclude? Statements made even if Miranda warnings are not given have been held to be

admissible in civil cases. See *Chavez v. Martinez* (2003) 538 U.S. 760.

When we talk on Monday- we should also discuss the City's anticipated MILs. We will seek to exclude Dr. Fawibe as he was not timely and properly disclosed in Plaintiff's initial expert disclosure. We will also seek to exclude Officer Wright's prior use of force incidents as they are completely different circumstances, irrelevant, and prejudicial as they create a risk of confusing the jury and it would be a waste of limited judicial resources to have a mini-trial on a completely unrelated prior incident. I am hoping to catch Debra on a break- and will get you a list of other MILs by Friday.

While Debra is in trial, please cc me and Will on all communication so that we can ensure nothing falls through the cracks.

Thank you,



**Rebecca McKee-Reimbold**
*Assistant City Attorney*
Litigation Division
City Attorney's Office
3750 University Ave, Suite 250
Riverside, CA 92501
Direct: 951.826.5603

*Advancing Riverside's Vision with Integrity and Advocacy*

CONFIDENTIALITY NOTICE: THIS EMAIL MESSAGE, INCLUDING ANY ATTACHMENTS, FROM THE OFFICE OF THE CITY ATTORNEY IS INTENDED FOR THE OFFICIAL AND CONFIDENTIAL USE OF THE RECIPIENTS TO WHOM IT IS ADDRESSED. THIS EMAIL CONTAINS MATERIAL THAT IS CONFIDENTIAL AND/OR PRIVILEGED UNDER THE WORK PRODUCT, ATTORNEY-CLIENT, OR OFFICIAL INFORMATION PRIVILEGES FOR THE SOLE USE OF THE INTENDED RECIPIENT. ANY REVIEW, RELIANCE OR DISTRIBUTION BY OTHERS OR FORWARDING WITHOUT EXPRESS PERMISSION IS STRICTLY PROHIBITED. RECIPIENTS SHOULD NOT FILE COPIES OF THIS EMAIL WITH PUBLICLY ACCESSIBLE WRITTEN OR ELECTRONIC RECORDS. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER AND DELETE ALL COPIES.

Stay in-the-know with all things Riverside! Connect with us at RiversideCA.gov/Connect.