# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN ROCKY GLOVER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; and ALEJANDRO HIGAREDA,<br><br>Defendants. | Case No.: 2:21-cv-09915-FWS-ASx<br><br>[*Honorable Fred W. Slaughter*]<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* No. 1 TO EXCLUDE AFTER-ACQUIRED AND INVESTIGATORY INFORMATION UNKNOWN**<br><br>**PTC & Hearing on Motions *in Limine*:**<br>Date:   October 19, 2023<br>Time:   08:30 A.m.<br>**Jury Trial**<br>Date:   October 31, 2023<br>Time:   08:30 a.m.<br><br>Ctrm: 10D<br>350 West 1st Street, 7th Floor<br>Los Angeles, California 90012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiff's Motion *in Limine* No. 1 to Exclude After-Acquired and Investigatory Information Unknown, and GOOD CAUSE appearing therein, Plaintiff's Motion is HEREBY GRANTED that it is excluded from evidence, testimony, argument, or reference at trial any information unknown to Defendant Officer Alejandro Higareda at the time of his uses of deadly force,

including:

    a) Any other <u>crimes, wrongs or "bad acts"</u> character evidence, including criminal history, and contacts with law enforcement, including:

        a. Plaintiff's and any unrelated gang activities or contact with members of a gang.

        b. Plaintiff's tattoos and the meaning of his tattoos.

        c. Plaintiff's prior arrests.

        d. Plaintiff's prior and post-incidence charges filed not resulting in conviction.

        e. Plaintiff's prior convictions.

        f. Any post-shooting investigation items found on Glover's person and/or in Glover's vehicle with any inference to wrongs of bad acts, including cell phones, spray paint, baggies, substances, drug paraphernalia, medication bottles or pills, clothing, handkerchiefs, traffic violation, beer cans, knives, etc.

    b) Information related to whether any <u>person was harmed</u> or almost harmed by the collision with the house including the extent of the <u>damage to the house</u>.

    c) After-acquired <u>investigatory reports, interviews</u>, and information obtained by officers with the Los Angeles Police Department after the incident, that was not known to Higareda at the time of his use of excessive and unreasonable force, including hearsay reports and statements.

The basis for this order is that this and any other information unknown to Defendant Officer Higareda at the time of his use of deadly force is irrelevant to the analysis as impermissible hindsight evidence; any probative value it may have is substnatially outweighed by the substnatial risk of unfair prejudice, confusing the issues, wasting time, and misleading the jury; this information constitutes improper

character evidence and inadmissible hearsay. Federal Rules of Evidence, Rules 401, 403, 404, 801; *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

**IT IS SO ORDERED.**

DATED:_____               _____

                                                                        Honorable Fred W. Slaughter
                                                                        United States District Judge