# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LOPEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF RIVERSIDE; EVAN WRIGHT; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE No.: 5:21-cv-02140-PSG (JEMx)<br><br>[*Honorable Philip S. Gutierrez*]<br>Magistrate Judge John E. McDermott<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* No. 2 TO LIMIT ADMISSION OF INFORMATION DEFENDANT WRIGHT CLAIMS TO HAVE KNOWN AT THE TIME OF THE INCIDENT**<br><br>**Pretrial Conference**:<br>January 19, 2024, at 02:00 p.m.<br>**Jury Trial**<br>February 1, 2024, at 09:00 a.m.<br><br>350 West 1st Street, 6A, 6th Floor<br>Los Angeles, California 90012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiff's Motion *in Limine* No. 2 to Limit Admission Of Information Defendant Wright Claims To Have Known at the Time of the Incident, and GOOD CAUSE appearing therein, Plaintiff's Motion is HEREBY GRANTED that admission of evidence, testimony, argument, or reference at trial to any information that Defendant Evan Wright claims to have known at the time of the incident regarding Lopez's criminal history and alleged drug use, shall be limited both with regard to the content of such information and the duration of testimony

devoted to it. Although some information Wright had about Lopez may be marginally relevant to certain claims to be tried in this action, repeated and unrestricted presentation of these details throughout the trial via multiple witnesses would unfairly prejudice Lopez, create a substantial risk of these details being used as improper character propensity evidence, and mislead the jury into believing Lopez himself is on trial for prior bad acts unrelated to his shooting – any of which would compromise the fairness of this trial.

Further, information that is not contained in Defendant Wright's Operations Plan or Statement to Investigators shall not be considered informaton known to Defenant Wright at the time of the incident and is therefore excluded from trial.

The basis for this order is that despite the possibility that Defendant Wright will claim to have possessed information at the time of the shooting, details are all nevertheless substantially collateral issues, any remote relevance is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence; and these details are also impermissible character evidence. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801, 802, 805 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

**IT IS SO ORDERED.**

DATED:_____                           _____

Honorable Philip S. Gutierrez
United States District Judge