**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* XAVIER LOPEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LOPEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RIVERSIDE; EVAN WRIGHT; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE No.: 5:21-cv-02140-PSG (JEMx)<br><br>[*Honorable Philip S. Gutierrez*]<br>Magistrate Judge John E. McDermott<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 5 TO EXCLUDE DEFENDANTS' TOXICOLOGY EXPERT**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**Pretrial Conference**:<br>January 19, 2024, at 02:00 p.m.<br>**Jury Trial**<br>February 1, 2024, at 09:00 a.m.<br><br>350 West 1st Street, 6A, 6th Floor<br>Los Angeles, California 90012 |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff XAVIER LOPEZ hereby moves *in limine* for an order excluding the testimony of Defendants' retained toxicology expert Martin Breen on the following grounds:

1. Mr. Breen's opinions are pure speculation.
2. Mr. Breen's opinions are confusing and not helpful to the jury.
3. Mr. Breen's opinions are not based on sufficient facts and data.
4. Mr. Breen's methodology is not reliable.

Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 702, 703, and 802.

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motions *in Limine* Nos. 1-5 and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel during which no resolution could be reached. (Declaration of Marcel F. Sincich ("Sincich Decl.") at ¶2.)

Respectfully submitted,

DATED: December 18, 2023

LAW OFFICES OF DALE K. GALIPO
LAW OFFICES OF GRECH & PACKER

By: __/s/_____Marcel F. Sincich_____
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1
I.   INTRODUCTION ................................................................................. 1
II.  LEGAL STANDARD ........................................................................... 2
III. MR. BREEN'S OPINIONS SHOULD BE EXCLUDED FROM TRIAL ....... 4
     A. Mr. Breen's Opinions Are Based on Speculation, Are Not Relevant and Are Highly Prejudicial. ..................................... 4
     B. Mr. Breen's Opinions Are Not Helpful to the Jury ................ 6
     C. Mr. Breen's Opinions Are Unreliable ..................................... 7
     D. Mr. Breen's Opinions Are Not Related to Damages at All .... 7
IV.  CONCLUSION ..................................................................................... 8

# TABLE OF AUTHORITIES

### Cases

*Daubert v. Merrell Dow Pharms., Inc.*,
　509 U.S. 579 (1993) ............................................................................................. 2, 3
*Elsayed Mukhtar v. California State Univ., Hayward*,
　299 F.3d 1053 (9th Cir. 2002) .................................................................................. 2
*Glenn v. Washington Cty.*,
　673 F.3d 864 (9th Cir. 2011) .................................................................................... 6
*Goebel v. Denver & Rio Grande W. R.R. Co.*,
　215 F.3d 1083 (10th Cir. 2000) ................................................................................ 3
*Kumho Tire Co. v. Carmichael*,
　526 U.S. 137 (1999) ................................................................................................. 2
*Lust v. Merrell Dow Pharmaceuticals, Inc.*,
　89 F.3d 594 (9th Cir. 1996) ...................................................................................... 2
*Reger v. A.I. DuPont Hosp. for Children of Nemours Foundation*,
　259 Fed.Appx. 499 2008 WL 84540 (3rd Cir. 2008) ............................................... 3
*Schneider v. Fried*,
　320 F.3d 396 (3rd Cir. 2003) .................................................................................... 3
*Smelser v. Norfolk Southern Ry. Co.*,
　105 F.3d 299 (6th Cir. 1997) .................................................................................... 3
*United States v. Finley*,
　301 F.3d 1000 (9th Cir. 2002) .................................................................................. 3
*V.R. v. Cnty. of San Bernardino*,
　No. ED-cv-191023-JGB-SHKx, 2022 WL 2285655 (C.D. Cal. Apr. 12, 2022) 6

### Rules

Federal Rules of Evidence, Rule 402 ........................................................................... 2
Federal Rules of Evidence, Rule 403 ........................................................................... 2
Federal Rules of Evidence, Rule 404 ........................................................................... 2
Federal Rules of Evidence, Rule 702 ....................................................................... 2, 4
Federal Rules of Evidence, Rule 703 ........................................................................... 2
Federal Rules of Evidence, Rule 802 ........................................................................... 2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 26, 2021, Riverside Police Department ("RPD") Officer Evan Wright shot Plaintiff Xavier Lopez while Lopez's visibly empty hands were in the air, in submission, in compliance—in other words, while he was not an immediate threat of death or serious bodily injury. The claims going to trial include (1) violation of the Fourth Amendment, Excessive Force, pursuant to 42 U.S.C. §1983; (2) Municipal Liability for Unconstitutional Custom, Practice, or Police, pursuant to 42 U.S.C. §1983; (3) Municipal Liability for Failure to Train, pursuant to 42 U.S.C. §1983; (4) Municipal Liability for Ratification, pursuant to 42 U.S.C. §1983; (5) Battery under state law; (6) Negligence under state law; and (7) violation of the Bane Act.

It is an undisputed fact that Defendant Wright did not know whether Plaintiff consumed any drugs or alcohol on the day of the incident and certainly not Plaintiff's post-incident toxicology results. Defendants' retained toxicologist, Martin Breen, provided a scant 3-page report that fails to meet the standard under Rule 26 for several reasons: (1) Defendants failed to provide "the witness's qualifications, including a list of all publications authored in the previous 10 years"; and (2) Defendants failed to provide "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition". (Sincich Decl. ¶33, Exh. V.) Nevertheless, Mr. Breen merely found that Plaintiff had a blood alcohol concentration of 0.04% – half the legal limit to drive – yet seeks to extrapolate from that a series of speculative and inflammatory opinions that are highly unreliable.

Mr. Breen has no basis for his opinions because he does not know anything about Plaintiff's alcohol history, whether he has a tolerance for alcohol and what that was at the time of the incident, how many drinks Plaintiff consumed on the day of the incident, the type of drink Plaintiff consumed on the day of the incident, whether any drink had any effect on Plaintiff, whether Plaintiff felt the effects of alcohol in

his system, or whether Plaintiff has ever had a drink since the incident. Defendants merely seek to use Mr. Breen's expert testimony to illicit impermissible character evidence and information unknown to Defendant Wright under the veil of trying to explain Plaintiff's conduct.

By way of the instant motion *in limine*, Plaintiff moves to exclude the testimony of Defendants' retained toxicology expert Mr. Breen, on the grounds that his opinions and testimony are not helpful to the jury, are confusing, are based on speculation and insufficient facts and data, are otherwise unsupported, unreliable, ipse dixit, and not relevant to this matter. Thus, Plaintiff seeks to exclude Mr. Breen from testifying at trial. *See* Fed. R. Evid. 402, 403, 404, 702, 703, 802.

## II.   LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993). To be admissible, expert testimony must generally satisfy a two-prong test, reliability, and relevance. *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), amended sub nom. *Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003) (footnote omitted). To establish relevance, the testimony must be helpful to the trier of fact and beyond the common knowledge of jurors. *Daubert*, 509 U.S. at 597. Rule 702 requires courts to assess the reliability of expert testimony based on scientific, technical, or "other specialized" knowledge before admitting it. *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (extending the Daubert gatekeeping requirement to "technical" and "other specialized" knowledge).

The proponent of the expert testimony bears the burden of proving admissibility. *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) ("[i]t is the proponent of the expert who has the burden of proving admissibility"); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("the party presenting the expert must show that the

expert's findings are based on sound science"). Assessment of the expert's qualifications to testify is not answered in the abstract but based on whether the expert's "qualifications provide a foundation for a witness to answer a specific question." *Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 303 (6th Cir. 1997) (internal quotations omitted). The court determines whether the expert's training and qualifications relate to the specific subject matter of his proposed testimony.

A court may satisfy its "gatekeeping" function by conducting a pretrial hearing, or by ruling on a Rule 702 objection at trial, "so long as the court has sufficient evidence to perform 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 597). Although "the gatekeeper inquiry under Rule 702 is ultimately a flexible determination, ... a district court, when faced with a party's objection, must adequately demonstrate by specific findings on the record that it has performed its duty as gatekeeper." *Goebel*, 215 F.3d at 1088 (citation omitted). To establish reliability, the testimony must be derived from valid scientific knowledge, the witness must possess sufficient expertise, and the state of pertinent scientific knowledge must permit the assertion of a reasonable opinion. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). Testimony is grounded in valid knowledge if it is "based on the methods and procedures of science [or other expertise] rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief." *Reger v. A.I. DuPont Hosp. for Children of Nemours Foundation*, 259 Fed.Appx. 499, 500, 2008 WL 84540, 1 (3rd Cir. 2008) (quoting *Schneider v. Fried*, 320 F.3d 396, 404 (3rd Cir. 2003), and *Daubert*, 509 U.S. at 590 (to qualify as scientific knowledge, "an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation – *i.e.*, "good grounds," based on what is known.").

Federal Rule of Evidence 702 allows opinion testimony by an expert only if the expert is qualified by knowledge, skill, experience, training, or education and only if: (a) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Plaintiff need not challenge whether Mr. Breen is an experienced toxicologist. Rather, the first question for the Court is whether his proffered testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." The next question is whether there is a reliable methodology applied to reach the opinions offered.

### III. MR. BREEN'S OPINIONS SHOULD BE EXCLUDED FROM TRIAL

#### A. Mr. Breen's Opinions Are Based on Speculation, Are Not Relevant and Are Highly Prejudicial.

At deposition, Mr. Breen testified Lopez's blood alcohol content at the time his blood was tested was 0.04%, or half of the legal limit in California. (Sincich Decl. ¶34(A)-(B).) There were no drugs found in Lopez's system, including no evidence of methamphetamine. (Sincich Decl. ¶34(C).) Based on the finding of a 0.04% blood alcohol concentration ("BAC") 1 hour and 10 minutes after the shooting (Sincich Decl. ¶34(D)), Mr. Breen concluded that Lopez's BAC at the time of the shooting was between 0.05 and 0.06%. (Sincich Decl. ¶34(E)). That BAC would still be 0.02-0.03% points below the legal limit in California. (Sincich Decl. ¶34(F).) Mr. Breen could not opine on the amount Lopez had to drink. (Sincich Decl. ¶34(G).)

Mr. Breen further testified that given the level of impairment, Lopez would still be able to understand a command to put his hands up and actually put his hands up. (Sincich Decl. ¶34(H).) Mr. Breen never reviewed the body worn camera

footage, though he admitted such a review would be helpful to understanding whether Lopez's conduct was actually consistent with any signs of impairment. (Sincich Decl. ¶34(I).) Mr. Breen could not testify regarding any actual effects on Lopez such as memory issues, reaction time, divided attention, and risk taking, among others, only that they were possible. (Sincich Decl. ¶34(J).)

Thus, Mr. Breen's opinions regarding Lopez represent mere recitation of *potential* impairments, not any *actual* impairments. Mr. Breen's opinion states that Lopez "would suffer" (not did suffer) impairment of abilities and that "Whether or not he would demonstrate such impairment would depend upon the task and/or performance demanded of him." (Sincich Decl. ¶33, Exh. V at 3.) Logically, one would think that Mr. Breen would follow up with an explanation of the tasks or performance demanded of Lopez during the incident so that the speculative nature of the opinion could be linked to the case at hand. But Mr. Breen did not.

Next Mr. Breen opined that Lopez "would suffer" (not did suffer) some degree of impairment of memory and that it "would depend on the conditions and nature of items and/or situations involved." (Sincich Decl. ¶33, Exh. V at 3.) Again, one would expect an expert to provide a set of facts related to the facts and situations involved in this incident, which if accepted as true, would lead to the opinion that Lopez actually suffered some form of impairment. Again, Mr. Breen did not. Indeed, Mr. Breen never even reviewed video evidence that could have helped in his analysis of whether Lopez was actually impaired at a BAC 0.03% points below the legal limit. Mr. Breen's testimony is highly speculative and should be excluded.

This is precisely the type of speculative evidence Courts have deemed not relevant, particularly where none of the evidence was known to the officers at the time of the incident: "The Court finds that evidence of Decedent's history of drug/alcohol use, including the toxicology report, has no likelihood of proving any material facts relevant to the claims and would be highly prejudicial. Indeed, 'evidence which the officers were unaware' is not relevant to evaluate the

reasonableness of the officers' actions, as the 'prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." *Glenn v. Washington Cty.*, 673 F.3d 864, 873 (9th Cir. 2011); *V.R. v. Cnty. of San Bernardino*, No. ED-cv-191023-JGB-SHKx, 2022 WL 2285655, at *6 (C.D. Cal. Apr. 12, 2022).

### B.  Mr. Breen's Opinions Are Not Helpful to the Jury

At best, Mr. Breen's opinions are that Lopez *could have been impaired* based not on any objective observations but based on a BAC significantly under the legal limit in California. Given there is no definitive testimony whatsoever regarding the actual impairment, the presence of no other substances in Lopez's system, the limited review of evidence Mr. Breen performed, and the fact that the levels are well below the legal limit, Mr. Breen's testimony will not "help the trier of fact to understand the evidence or to determine a fact in issue."

Other than Mr. Breen's speculative opinions, Defendants have Mr. Breen take the illogical jump from those opinions, which themselves bear no relation to Lopez or this case, to a conclusion that not only that Lopez was impaired but "significantly impaired by alcohol at the time of the incident." (Sincich Decl. ¶33, Exh. V at 3.) There is no explanation as to how Lopez was impaired, what behavior Lopez displayed that is inconsistent with Lopez's normal behavior to show impairment, what mental faculties were impaired and how an opinion of Lopez's mental faculties could be made with such limited information, and no explanation of what Lopez was physical impaired from performing.

At deposition, Mr. Breen admitted to reviewing multiple sources from police incident reports and the deposition of Defendant Wright that indicated officers told Lopez to put his hands up. (Sincich Decl. ¶34(N).) Based on the materials Mr. Breen reviewed in this case, Mr. Breen did not know whether Lopez's hands were up at the time he was shot. (Sincich Decl. ¶34(O).) The mental and physical impairment Mr. Breen is suggesting but never put in his report in compliance with Rule 26 is Lopez being able to understand officer commands and to comply by putting his hands up.

Mr. Breen limited his opinions to the self-serving statements of the officers not the objective evidence, such as body-camera videos, which he knew existed. (Sincich Decl. ¶34(O-S).) The video evidence clearly shows that Lopez's hands were up. Given the opinions lack even the basic understanding that Lopez's hands were indeed up at that time he was shot, Mr. Breen's opinions are not based on sufficient facts and not helpful to the jury as they are premised on a lack of information. Thus, Mr. Breen's opinions should be excluded from the trial.

### C. Mr. Breen's Opinions Are Unreliable

Mr. Breen admitted he did not review critical video evidence at the heart of this case even though he admitted he knew a video existed and reviewing the video would be important. (Sincich Decl. ¶34(K).) Based on a limited review, it was his understanding that Lopez's hands were in his pockets, and he didn't, "see anywhere where they asked him to put his hands up." Such information, Mr. Breen testified, would be "contrary to what is indicated in the officers' reports and depositions." (Sincich Decl. ¶34(L).) Thus, Mr. Breen did not review critical evidence in the case and testified his understanding of the case was based almost entirely on the officers' claims Lopez's hands were not up at the time of the shooting. With such a limited review of the facts and misunderstanding of the evidence, Mr. Breen's opinions are completely unreliable.

### D. Mr. Breen's Opinions Are Not Related to Damages at All

Mr. Breen admitted he did not know Lopez's drinking pattern before the incident. (Sincich Decl. ¶34(M).) Critically, he also testified he knew nothing about Lopez's "prior drinking experience." Without any such evidence, Mr. Breen's testimony has absolutely no relation to Lopez's potential damages and should be excluded for that reason as well. Indeed, Mr. Breen's Report has no opinions related to damages and should not be permitted to opine by surprise at trial as to anything related to damages nor should Defendants be permitted to make inferences as to Plaintiff's damages based on Mr. Breen's speculative opinions.

## IV. CONCLUSION

Mr. Breen's anticipated testimony is part of a larger effort by Defendants to attack Lopez personally without providing any relevant, helpful, or reliable evidence. None of Mr. Breen's opinions are admissible pursuant to Fed. R. Evid. 702, and he should be excluded from trial.

Respectfully submitted,

DATED: December 18, 2023      **LAW OFFICES OF DALE K. GALIPO**
    **LAW OFFICES OF GRECH & PACKER**

By:    /s/    *Marcel F. Sincich*
    Dale K. Galipo
    Trenton C. Packer
    Marcel F. Sincich
    *Attorneys for Plaintiff*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Xavier Lopez certifies that this brief contains 2,456 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 18, 2023

**LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By:   */s/    Marcel F. Sincich*
      Dale K. Galipo
      Trenton C. Packer
      Marcel F. Sincich
      *Attorneys for Plaintiff*