PHAEDRA A. NORTON, CITY ATTORNEY, SBN 200271
REBECCA MCKEE-REIMBOLD, ASSISTANT CITY ATTORNEY, SBN 279485
DEBRA K. COOK, SENIOR DEPUTY CITY ATTORNEY, SBN 250114
JACOB S. GUERARD, DEPUTY CITY ATTORNEY, SBN 316476
CECILIA ROJAS, DEPUTY CITY ATTORNEY, SBN 340468
**OFFICE OF THE CITY ATTORNEY – CITY OF RIVERSIDE**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
gforce@riversideca.gov

Attorneys for Defendants,
CITY OF RIVERSIDE, a California charter city
and municipal corporation and EVAN WRIGHT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RIVERSIDE; EVAN WRIGHT; and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO.: 5:21-cv-02140-PSG(JCx)<br>*[Assigned to Hon. Philip S. Gutierrez, Courtroom: 6A]*<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE REFERENCE TO DEFENDANT EVAN WRIGHT'S PRIOR USE OF FORCE AND ANY PRIOR DISCIPLINE; DECLARATION OF DEBRA K. COOK; SUPPORTING EXHIBITS**<br><br>Date Action Filed: 12/28/21<br>Trial Date:   February 1, 2024 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL PLEASE TAKE NOTICE:**

On January 19, 2024, at 2:00 p.m., or as soon afterwards as the matter may be heard, in Courtroom 6A, located at 350 West First Street, Los Angeles, California, Defendants EVAN WRIGHT ("Sgt. Wright") and CITY OF

RIVERSIDE ("City") (collectively "Defendants") will move *in limine* for an order to exclude from trial any evidence of Sgt. Wright's prior incidents involving the use of deadly force and past discipline.

This motion is made pursuant to FED. R EVID. 401 and 402 (relevance), 403 (unfair prejudice, confusion of issues, misleading the jury, and undue consumption of time), and 404 (improper character evidence), on the grounds that such evidence is irrelevant and improper character evidence and that if the evidence were admitted, there is a danger that Defendants would be unfairly prejudiced, there would be confusion of issues, misleading of the jury, and the evidence would require undue consumption of time.

This motion is based on the attached memorandum of points and authorities, Declaration of Debra K. Cook, supporting exhibits, all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion. This motion is made following the conferences of counsel which took place on December 11, 2023.

DATED: December 18, 2023     OFFICE OF THE CITY ATTORNEY

By: ____/s/ Debra K. Cook_____
     DEBRA K. COOK
     Attorneys for Defendants,
     CITY OF RIVERSIDE and EVAN WRIGHT

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      SUMMARY OF ARGUMENT**

Defendants move to exclude irrelevant and potentially prejudicial evidence of Sgt. Wright's prior shootings and employment discipline because it is improper and inadmissible character evidence under FRE 404. Each of the prior shootings are remote in time, resulted in no civil or criminal liability for Sgt. Wright, and are entirely distinguishable from the facts of this matter. In addition, Sgt. Wright's employment personnel discipline records is entirely unrelated to any use of force, and is irrelevant for any purpose.

**II.     STATEMENT OF FACTS**

In his more than eighteen years of service as a peace officer for the Riverside Police Department ("RPD"), Sgt. Wright has been involved in three (3) prior uses of force. *("Declaration of Debra K. Cook ("Cook Decl." ¶1).* These officer involved shootings occurred in 2008, 2014, and 2018. *(Cook Decl. ¶1).* None of these resulted in discipline, criminal prosecution, or civil liability. In addition, throughout Sgt. Wright's RPD law enforcement career, he has had one personnel employment events that resulted in a minor disciplinary action unrelated to any use of force. *(Cook Decl. ¶2).* This event occurred in 2016 and resulted in a 10 hour suspension. *(Cook Decl. ¶2).*

**III.    LEGAL AUTHORITY**

A motion *in limine* "is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States (1984) 469 U.S. 38, 40. Motions *in limine* are well recognized in practice and by case law. See *Ohler v. United States* (2000) 529 U.S. 753, 758; *United States v. Cook* (9th Cir. 1979) 608 F.2d 1175, 1186.

The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the

-3-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MIL NO. 2 TO EXCLUDE
REFERENCE TO EVAN WRIGHT'S PRIOR
USE OF FORCE AND DISCIPLINE

record. See *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir.2003) (citing *Kelly v. New West Fed. Sav*. (1996) 49 Cal. App. 4th 659, 669). Motions *in limine* also serve to streamline trials, by settling evidentiary disputes in advance and by minimizing side-bar conferences and other disruptions at trial. See *US. v. Tokash*, 282   3d 962, 968 (7th Cir.2002).

## IV. UNRELATED USES OF FORCE AND PRIOR DISCIPLINE ARE IRRELEVANT

Evidence is relevant if it has any tendency to make a fact more or less probable that it would be without the evidence and the fact is of consequence in determining the action. Only relevant evidence is admissible. FED. R. EVID. 402.

Sgt. Wright testified that, aside from the instant action, he has been involved in three (3) prior officer involved shootings in 2008, 2014, and 2018. *(Cook Decl. ¶1)*. These incidents are factually dissimilar other than there was application of lethal force. That fact alone does not have any tendency to prove any fact of consequence in the six (6) second encounter that is the subject of Plaintiff's lawsuit. The 2008 incident is so remote that Sgt. Wright could not recall the details at his deposition. *(Cook Decl. ¶1)*. The 2014 incident involved an arrestee driving a vehicle directly toward Sgt. Wright, placing him in peril, resulting in a use of force by Sgt. Wright. *(Cook Decl. ¶1)*. It too is remote in time, nearly seven years prior to the subject incident in this lawsuit. The 2018 incident is a pending action involving multiple officers discharging their duty weapons in a dangerous confrontation with a known and dangerous felon. *(Cook Decl. ¶1)*. No liability has been established on the part of any of the officers. *(Cook Decl. ¶1)*.

The primary issue for determination in this lawsuit is whether Sgt. Wright's use of force on January 26, 2021, was objectively reasonable under *Graham v. Connor* (1989) 490 U.S. 386, or that the law was clearly established that his use of force was prohibited. Prior unrelated incidents involving use of force involving

different actors, facts, and circumstances are irrelevant to determine whether Sgt. Wright violated Plaintiff's constitutional rights or state law prohibitions. This evidence is irrelevant for adjudication of these issues.

Additionally, Sgt. Wright received one prior minor discipline for a matter unrelated to the use of force, and any fact at issue in this litigation. Therefore, any reference to this prior discipline is irrelevant.

### V. UNRELATED USES OF FORCE AND PRIOR DISCIPLINE ARE IMPROPER CHARACTER EVIDENCE

FRE 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FRE 404(a). Moreover, FRE 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith." FRE 404(b).

At its essence, prior conduct in the context of this action will be used to show Sgt. Wright's bad intent based on his character. In civil rights excessive force cases, Sgt. Wright's intent is irrelevant. The inquiry is focused on the reasonableness of his conduct. The Ninth Circuit agreed in *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993) holding that evidence of prior acts of a defendant police officer in a civil rights action is inadmissible. *Id.* (emphasis added):

> "Over Gates's objection as to relevancy, Rivera was permitted to testify that in his sixteen and one-half years as a police officer, he had not shot anyone…Gates' objections should have been sustained. Fed. R. Evid. 404. Character evidence is normally not admissible in a civil rights case. [citations] By Rivera's own admission, **intent was not an issue**. The question to be resolved was whether, objectively, his use of force had been excessive. [citations] **His past conduct did not bear on that issue**."

It is well established that character evidence is normally not admissible in a civil rights case. *Cohn v. Papke,* 655 F.2d 191, 193 (9th Cir.1981). "In the civil rights context, courts are reluctant to admit evidence of prior excessive force complaints against a police officer if the complaints are unsubstantiated. *U.S. v. Bailey*, 696 F.3d 794 at footnote 6. Finally, the Ninth Circuit has also held that trial courts do not abuse their discretion by excluding evidence of prior excessive force complaints. *Sibrian v. City of Los Angeles*, 288 Fed. Appx. 385, (9th Cir.2008).

This excessive force action is indistinguishable from the facts of *Gates, Cohn,* and *Bailey*. Sgt. Wright's intent is not at issue and any evidence in support of intent is irrelevant and inadmissible character evidence that can do no more than prejudice Sgt. Wright. The same is true of Sgt. Wright's prior discipline regarding an isolated, single, separate, and unrelated matter.

## VI. UNRELATED USES OF FORCE AND PRIOR DISCIPLINE ARE PREJUDICIAL

Even if it is determined that FRE 401 and 402 can be overcome, prior unrelated uses of force and discipline may be excluded at trial if its probative value is substantially outweighed by the danger of unfair prejudice. FRE 403 provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or a needless presentation of cumulative evidence." *Id.*

FRE 403 requires the prejudice be "unfair." *U.S. v. Young*, 754 F. Supp. 739, 742 (D.S.D. 1990) *("Young")*. "Unfair" in this context means the evidence has an undue tendency to suggest a jury decision based upon an improper basis, usually an emotional one. *Young*, 754 F. Supp. at 742. Additionally, where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair

-6-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MIL NO. 2 TO EXCLUDE
REFERENCE TO EVAN WRIGHT'S PRIOR
USE OF FORCE AND DISCIPLINE

prejudice. *U.S. v. Guerrero* (9th Cir. 1984) 756 F.2d 1342, 1348; *U.S. v. Black* (9th Cir. 1994) 20 F.3d 1458, 1464.

To the extent that Sgt. Wright's unrelated uses of force or prior discipline might be relevant, that relevance is substantially outweighed by the potential of the evidence to unfairly prejudice Sgt. Wright. Sgt. Wright will be denied a fair trial because of unrelated past incidents that are entirely unrelated to the objective reasonableness of his use of force in this six (6) second law enforcement encounter. It would be unwise to ignore the effect of national events involving racially charged police misconduct and nationwide public outrage involving law enforcement. Admission of irrelevant prior use of force and minor discipline will gravely prejudice the Sgt. Wright by implying he has a history of police brutality. There is a very real danger that the jury could associate this case somehow with those unrelated matters and therefore decide to punish Sgt. Wright for those unrelated events. The prejudice of this evidence is far outweighed by any possible evidentiary value.

## VII. MEET AND CONFER

Defendants met and conferred with Plaintiff's counsel via telephone on the substance of this motion *in limine* on December 11, 2023 but an agreement could not be reached. *(Cook Decl. ¶3)*.

///
///
///
///
///
///
///
///

## VIII. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this motion *in limine* No. 2 and issue an order excluding from trial any and all evidence, references, argument and testimony by Plaintiff, Plaintiff's counsel, the parties, witnesses, and experts of Sgt. Wright's prior incidents involving the use of deadly force and past discipline.

DATED: December 18, 2023    OFFICE OF THE CITY ATTORNEY

By: ____/s/ Debra K. Cook_____
      DEBRA K. COOK
      Attorneys for Defendants,
      CITY OF RIVERSIDE and EVAN WRIGHT

-8-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MIL NO. 2 TO EXCLUDE REFERENCE TO EVAN WRIGHT'S PRIOR USE OF FORCE AND DISCIPLINE

## DECLARATION OF DEBRA K. COOK

I, DEBRA K. COOK, am licensed to practice law in all the state and federal courts in the State of California. I am admitted in U.S. District Court of California – Central District. I am presently employed as a Senior Deputy City Attorney for the City of Riverside and am counsel of record for Defendant CITY OF RIVERSIDE ("City") and EVAN WRIGHT ("Sgt. Wright") (collectively "Defendants") in this matter. I have personal knowledge of the information contained in this declaration and, if called, have sufficient competency to testify concerning this information.

1. Sgt. Wright testified at his desposition that he has been a law enforcement officer for seventeen (17) years. In those seventeen (17) years, Sgt. Wright has been involved in three (3) prior uses of force. These officer involved shootings occurred in 2008, 2014, and 2018. None of these resulted in discipline, criminal prosecution, or civil liability. Attached as **Exhibit "A"** is a true and correct copy of relevant portions of the of Sgt. Wright's October 20, 2023 certified Deposition.

2. In addition, throughout Sgt. Wright's RPD law enforcement career, he has had one personnel employment event that resulted in a minor disciplinary action unrelated to any use of force. This event occurred in 2016 and resulted in a 10 hour suspension. Attached as **Exhibit "B"** is a true and correct copy of the relevant portions of Sgt. Wright's production of documents bate stamped LOPEZ 1 (CITY) 3179-3188.

3. On December 11, 2023, my supervisor and another lawyer assigned to this matter met and conferred with Plaintiff XAVIER LOPEZ's ("Plaintiff") counsel via telephone about our intentions of filing the instant motion *in limine*. I was in trial at the time and could not participate. Despite the attempt to meet and confer on this issue, the parties were not able to stipulate to exclude irrelevant unrelated prior uses of force and unrelated employment discipline. Attached as

**Exhibit "C"** is a true and correct copy of the December 11, 2023 and December 12, 2023 correspondences.

I declare the foregoing to be true and correct under penalty of perjury pursuant to the laws of the United States.

Executed this 18th day of December 2023, in the City of Riverside, California.

                                     */s/ Debra K Cook*
                                     DEBRA K. COOK
                                     Declarant

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MIL NO. 2 TO EXCLUDE REFERENCE TO EVAN WRIGHT'S PRIOR USE OF FORCE AND DISCIPLINE