PHAEDRA A. NORTON, CITY ATTORNEY, SBN 200271
REBECCA MCKEE-REIMBOLD, ASSISTANT CITY ATTORNEY, SBN 279485
DEBRA K. COOK, DEPUTY CITY ATTORNEY, SBN 250114
CECILIA ROJAS, DEPUTY CITY ATTORNEY, SBN 340468
**OFFICE OF THE CITY ATTORNEY – CITY OF RIVERSIDE**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
gforce@riversideca.gov

Attorneys for Defendants,
CITY OF RIVERSIDE, a California charter city
and municipal corporation and EVAN WRIGHT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LOPEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF RIVERSIDE; EVAN WRIGHT; and DOES 1 through 10, inclusive<br><br>            Defendants. | CASE NO.: 5:21-cv-02140-PSG(JCx)<br>*[Assigned to Hon. Philip S. Gutierrez, Courtroom: 6A]*<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE AND LIMIT OPINIONS BY PLAINTIFF'S POLICE PRACTICES EXPERT ROGER CLARK**<br><br>Date Action Filed: 12/28/21<br>Trial Date:   February 1, 2024 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL PLEASE TAKE NOTICE:**

On January 19, 2024, at 2:00 p.m., or as soon afterwards as the matter may be heard, in Courtroom 6A, located at 350 West First Street, Los Angeles, California, Defendants EVAN WRIGHT ("Sgt. Wright") and CITY OF RIVERSIDE ("City") (collectively "Defendants") will move *in limine* for an order to exclude from trial any expert opinions of Plaintiff's expert Roger Clark. Mr.

Clark does not have sufficient educational or professional qualifications to opine on the time element aspect of the outworking of perception reaction time in the context of the six (6) second law enforcement encounter that is the subject of this action. Also, all of Mr. Clarks opinions are phrased in legally conclusive argument without any factual development.

This Motion is made pursuant to FRE 701 and 702 and *Daubert v. Merrell Dow Pharmaceuticals* (1993) 509 U.S. 579.

This motion is made on the grounds that: (1) Mr. Clark's opinions on whether the Sgt. Wright's use of force was excessive are inadmissible ultimate issue and/or legal opinions; and (2) Mr. Clark's opinions on the reasonableness of Sgt. Wright's conduct necessarily require a time element analysis for which he has no qualifications or defined methodology.

This motion is based on the attached memorandum of points and authorities, the Declaration of Debra K. Cook, and attached exhibits, all the pleadings, records, and files in this action and upon such further oral and documentary evidence as may be presented at the hearing of this motion. Pursuant to the provisions of Local Rule 7-3, this motion is made following the conferences of counsel which took place on December 11, 2023.

DATED: December 18, 2023            OFFICE OF THE CITY ATTORNEY

By:____/s/ *Debra K. Cook*_____
DEBRA K. COOK
Attorneys for Defendants,
CITY OF RIVERSIDE and EVAN WRIGHT

-2-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE THE OPINIONS BY PLAINTIFF'S EXPERT ROGER CLARK

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Plaintiff's police practices expert, Roger Clark, does not provide a single opinion supported by the factually specific conduct of Sgt. Wright. Instead, Mr. Clark's "opinions" are argumentative conclusions of law combined with a a factual conclusion that Sgt. Wright's use of force was unreasonable. Mr. Clark is not a lawyer and his legal opinions on law enforcement tactical "requirements" exceed his qualifications. In addition, Mr. Clark invades the province of the jury in opining on the ultimate fact concerning the objective reasonableness of Officer Wright's use of force. None of Mr. Clark's opinions are sufficiently factually developed, particularly in terms of the time element outworking of the actions and reactions of Sgt. Wright and Plaintiff. It is axiomatic that he cannot opine on the time element component that is clearly defined to the 1000th of a second on the body worn camera footage because he has no absolutely no expertise to do so. For these reasons, Mr. Clark's opinions have no evidentiary value, they cannot assist the trier of fact, and his opinions should be excluded.

## II. MR. CLARK'S "OPINIONS" ON THE "REASONABLENESS" OF THE USE OF FORCE INVADES THE PROVINCE OF THE JURY.

"It is the proponent of the expert who has the burden of proving admissibility." *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). The Court acts as a "gatekeeper" with respect to the admission of expert testimony. See, *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). An exercise of this important function is plainly needed now so as to prevent Roger Clark from infecting trial with a panoply of inadmissible "opinions."

One of the first questions the jury in this case will be asked to answer is whether Sgt. Wright used "excessive force." Plaintiff intends to poison the jury's fact-finding mission on this central question by presenting "opinion" testimony

-3-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE THE OPINIONS BY PLAINTIFF'S EXPERT ROGER CLARK

from Roger Clark that Sgt. Wright used "inappropriate," "excessive," "unreasonable," or "unnecessary" force; that Sgt. Wright acted with a "deliberate indifference to the life and safety Plaintiff"; and that "the Defendants' acts were intentionally unconscionable policy violations." *(Exh. A, Roger Clark Expert Report, pp. 17-24 attached to the Declaration of Debra K. Cook ("Cook Decl.") ¶1).* Mr. Clark's conclusory argumentative opinions are bereft of any factual support, analysis, or development.

"An expert witness cannot give an opinion as to [his] legal conclusion, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original). "In excessive force cases, an expert may not opine on whether the 'Defendants' use of force was reasonable under the circumstances' as this 'is just such an opinion on an ultimate issue of law that risks usurping the jury's province.'" *Johnson v. City of L.A.*, 2015 U.S. Dist. LEXIS 187227 (C.D. Cal.Oct. 13, 2015), citing *Minter v. Galios*, 2014 U.S. Dist. LEXIS 36954, at *13-14 (N.D. Cal. Mar. 17, 2014) (quoting *Martinez v. Davis*, 2011 U.S. Dist. LEXIS 15406, at *8 (C.D. Cal. Feb. 4, 2011)). "In short, 'whether the officers' actions were "objectively reasonable" in light of the facts and circumstances confronting them is . . . a question for the jury or, if no material facts are in dispute, for the Court." See *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir.1994)." *Colbert v. Cnty. of Kern*, 2015 U.S. Dist. LEXIS 164504, at *10, note 4. In the context of "excessive force" cases like this one, "an expert's 'opinion as to what "current law" "mandates" or whether defendants were "legally" "justified" in using the force applied against [the plaintiff] usurps the jury's role.'" *Godinez v. Huerta*, 2018 U.S. Dist. LEXIS 73623, at *13 (S.D. Cal. 2018) (internal citations omitted).

Courts thus frequently bar experts, including *excluding* Roger Clark, from "employ[ing] judicially defined and/or legally specialized terms in expressing

-4-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE THE OPINIONS BY PLAINTIFF'S EXPERT ROGER CLARK

[their] opinions." See, *Monroe v. Griffin,* 2015 U.S. Dist. LEXIS 120125, at *18-19 (N.D. Cal. 2015) (preventing Roger Clark from using terms such as "grossly unlawful, unnecessary, and excessive violence"). This is so because such "opinions" generally are not helpful to the trier of fact. FED. R. EVID. 702; see also, *Valtierra v. City of Los Angeles*, 99 F.Supp.3d 1190, 1198 (C.D. Cal. 2015) (excluding Roger Clark's expert testimony that "the use of force was 'excessive' or 'unreasonable,' under the circumstances" finding "several of [Roger] Clark's opinions, as currently formulated, are not helpful to the jury because they constitute impermissible legal conclusions."

This is not the first time (nor will it likely be the last) that Mr. Clark attempts to invade the province of the jury by telling it which result to reach through legal conclusions masquerading as "opinions." Rightfully, district courts have been diligent in limiting his attempts to offer impermissible "opinion" evidence. See, e.g., *Cooke v. City of Stockton*, 2017 U.S. Dist. LEXIS 207779, at *15-16 (E.D. Cal. 2017) ("[Roger] Clark may not use judicially defined or legally specialized terms in providing his opinions. Thus, Clark may not opine as to whether the officers used 'excessive force,' or whether their use of force was 'unreasonable under the circumstances.' These are legal conclusions drawn from disputed facts; in other words, they preemptively answer questions the jury, not Clark, must resolve."); *Colbert v. Cnty. of Kern*, 2015 U.S. Dist. LEXIS 164504, at *5 (E.D. Cal. 2015) (precluding Roger Clark from "testify[ing] that using the taser in the circumstances confronting [the defendant] was excessive or unreasonable or the like."); *Rascon v. Brookins*, 2018 U.S. Dist. LEXIS 20088, at *9-10 (D. Ariz. 2018) (cautioning that "[Mr. Clark] should not volunteer an opinion that the officers acted unconstitutionally or exercised excessive force. Legal opinions or conclusions are excluded from Clark's testimony").

-5-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE THE OPINIONS BY PLAINTIFF'S EXPERT ROGER CLARK

Here, Mr. Clark's opinions that Sgt. Wright's use of force in this case was excessive and unreasonable are inadmissible because he is, in effect, telling the jury how they should decide the ultimate issues in this case. *(Exh. A, Roger Clark Expert Report, pp. 17, 21, attached to the Cook Decl. ¶1).* "When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury." *Muktar v. California State Univ. Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002); see *Wisler v. City of Fresno*, 2008 U.S. Dist. LEXIS 73223, *6 (E.D. Cal. 2008) (excluding a police expert's opinion that officers acted with deliberate indifference, and thus unconstitutionally, because that was the ultimate issue in the section 1983 case).

### III. MR. CLARK HAS NO QUALIFICATIONS TO OPINE ON THE TIME ELEMENT OUTWORKING OF THE PARTIES' ACTION

The standard for expert testimony is set forth in FED. R. EVID. 702 and interpreted by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), and its progeny.

This six (6) second law enforcement encounter is entirely dependent on a time element analysis of the actions and reactions of both Sgt. Wright and Plaintiff. Mr. Clark repeatedly "opines" that Sgt. Wright acted unreasonably because the body worn camera footage establishes sufficient time to do many things (not done by Sgt. Wright) during the encounter, including: "take cover," "de-escalate," "deploy less-lethal," and "give verbal warnings." *(Exh. A, Roger Clark Expert Report, pp. 7,15,19,21 attached to the Cook Decl. ¶1).* Nowhere in Mr. Clark's report does he analyze the time element component that supports such opinions. He simply gives conclusory and argumentative legal and factual conclusions without any meaningful analysis. He cannot provide such an analysis because he

has no expertise to base such an analysis on. He cannot satisfy the *Daubert* standard for admissibility of expert opinions.

Here, Roger Clark is not qualified to offer opinions on the reasonableness of Sgt. Wright's conduct in the second by second law enforcement encounter captured entirely on body worn camera. The data is available, but nowhere is it analyzed by Mr. Clark. Implicit in all his opinions is a time element context. But, nowhere in his report does he develop that critical issue.

Specifically, Mr. Clark opines that "Sgt. Wright **squandered** the tactical advantage by reacting **too quickly** and not giving **sufficient time** for Mr. Lopez to **understand** the circumstances **and comply** with instructions and for the less-lethal force **to take effect**." *(Exh. A, Roger Clark Expert Report, pp. 15, attached to the Cook Decl. ¶1).* All of these "opinions" include a time element. Nowhere does Mr. Clark develop the factual underpinnings of the time element and all the times are clearly known by the body worn camera footage. The simple conclusion is that Mr. Clark has no expertise in human factors or time element analysis to provide the necessary factual basis for his opinions that conclude that Sgt. Wright's actions were either untimely or an "overreaction" during this rapidly unfolding split second series of high risk life threatening actions involving two loaded firearms. *(Exh. A, Roger Clark Expert Report, pp. 22-23, attached to the Cook Decl. ¶1).*

In addition, by way of another representative example, Mr. Clark opines that "no reasonable officer would have perceived Mr. Lopez as an immediate risk of death or serious bodily injury" and that Sgt. Wright's use of force was "inappropriate… because it was an overreaction to the situation, and he fired too quickly, without a proper assessment of the need to do so." *(Exh. A, Roger Clark Expert Report, pp. 22-23, attached to the Cook Decl. ¶1).* Again, these imply some sort of time element analysis. Yet, none is provided. Only conclusory argumentative statements of [Mr. Clark's understanding of] law and fact.

-7-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE THE OPINIONS BY PLAINTIFF'S EXPERT ROGER CLARK

## IV. MEET AND CONFER

Defendants met and conferred with Plaintiff's counsel via telephone on the substance of this motion *in limine* on December 11, 2023 but an agreement could not be reached. *(Cook Decl. ¶2).*

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant its Motion *in Limine* No. 3 to exclude Mr. Roger Clark as a testifying expert entirely; or, alternatively to preclude any opinions that are presented as conclusion of law or opinions as to the factual issues to be determined by the jury.

DATED: December 18, 2023  OFFICE OF THE CITY ATTORNEY

By:____/s/ Debra K. Cook_____
DEBRA K. COOK
Attorneys for Defendants,
CITY OF RIVERSIDE and EVAN WRIGHT

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE THE OPINIONS BY PLAINTIFF'S EXPERT ROGER CLARK

## DECLARATION OF DEBRA K. COOK

I, DEBRA K. COOK, am licensed to practice law in all the state and federal courts in the State of California. I am admitted in U.S. District Court of California – Central District. I am presently employed as a Senior Deputy City Attorney for the City of Riverside and am counsel of record for Defendant CITY OF RIVERSIDE ("City") and EVAN WRIGHT ("Sgt. Wright") (collectively "Defendants") in this matter. I have personal knowledge of the information contained in this declaration and, if called, have sufficient competency to testify concerning this information.

1. Attached as **Exhibit "A"** is a true and correct copy of relevant portions of Roger Clark's Rule 26 Expert Report.

2. On December 11, 2023, my supervisor and another lawyer assigned to this matter met and conferred with Plaintiff XAVIER LOPEZ's ("Plaintiff") counsel via telephone about our intentions of filing the instant motion *in limine*. I was in trial at the time and could not participate. Despite the attempt to meet and confer on this issue, the parties were not able to stipulate to exclude: (1) Mr. Clark's opinions on whether the Sgt. Wright's use of force was excessive because they are ultimate issues of fact and/or legal opinions; and (2) Mr. Clark's opinions on the reasonableness of Sgt. Wright's conduct necessarily require a time element analysis because Mr. Clark does not hold the proper qualifications. Plaintiff's Expert. Attached as **Exhibit "B"** is a true and correct copy of the December 11, 2023 and December 12, 2023 correspondences.

I declare the foregoing to be true and correct under penalty of perjury pursuant to the laws of the United States. Executed this 18th day of December 2023, in the City of Riverside, California.

                                       */s/ Debra K Cook*
                                       DEBRA K. COOK
                                       Declarant

-9-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE THE OPINIONS BY PLAINTIFF'S EXPERT ROGER CLARK