PHAEDRA A. NORTON, CITY ATTORNEY, SBN 200271
REBECCA MCKEE-REIMBOLD, ASSISTANT CITY ATTORNEY, SBN 279485
DEBRA K. COOK, DEPUTY CITY ATTORNEY, SBN 250114
JACOB S. GUERARD, DEPUTY CITY ATTORNEY, SBN 316476
CECILIA ROJAS, DEPUTY CITY ATTORNEY, SBN 340468
**OFFICE OF THE CITY ATTORNEY – CITY OF RIVERSIDE**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
gforce@riversideca.gov

Attorneys for Defendants,
CITY OF RIVERSIDE, a California charter city
and municipal corporation and EVAN WRIGHT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF RIVERSIDE; EVAN WRIGHT; and DOES 1 through 10, inclusive<br><br>　　　　Defendants. | CASE NO.: 5:21-cv-02140-PSG(JCx)<br>*[Assigned to Hon. Philip S. Gutierrez, Courtroom: 6A]*<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE OPINIONS OF DR. AMY MAGNUSSON**<br><br>Date Action Filed: 12/28/21<br>Trial Date:　February 1, 2024 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL PLEASE TAKE NOTICE:**

On January 19, 2024, at 2:00 p.m., or as soon afterwards as the matter may be heard, in Courtroom 6A, located at 350 West First Street, Los Angeles, California, Defendants EVAN WRIGHT ("Sgt. Wright") and CITY OF

-1-

DEFENDANTS' MOTION IN LIMINE NO. 4
TO EXCLUDE CERTAIN OPINIONS BY
PLAINTIFF'S EXPERT DR. AMY
MAGNUSSON
CASE NO. 5:21-cv-02140-PSG(JCx)

RIVERSIDE ("City") (collectively "Defendants") will move *in limine* for an order to exclude all opinions of Dr. Amy Magnusson ("Dr. Magnusson") because none of her opinions are causally related to the January 26, 2021 incident. FRE 702 mandates that expert testimony be based on sufficient facts or data, is the product of reliable principles and methods, and those principles and methods have been applied reliably to the facts of the case. Dr. Magnusson's opinions do none of this. She has not examined Plaintiff, but merely reviewed medical records. Those medical records show subsequent injuries unrelated to the injuries and body parts affected by the shooting. Dr. Magnusson has no factual basis for any of her opinions, nor does she articulate any methodology to reliably base her life care plan for Plaintiff's rehabilitative care. Even if some of the opinions meet the threshold *Daubert* standard, none of her opinions concerning psychological care are admissible because they are outside her expertise. Any opinions concerning wrist and orthopedic injuries subsequent to the shooting are unrelated to the shooting and Dr. Magnusson provides no factual or medical analysis differentiating future care for those injuries distinct from the shooting injuries.

      This Motion is made pursuant to FED. R. EVID. 701 and 702 and *Daubert v. Merrell Dow Pharmaceuticals* (1993) 509 U.S. 579.

/ /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-2-

DEFENDANTS' MOTION IN LIMINE NO. 4
TO EXCLUDE CERTAIN OPINIONS BY
PLAINTIFF'S EXPERT DR. AMY
MAGNUSSON
CASE NO. 5:21-cv-02140-PSG(JCx)

This motion is based on the attached memorandum of points and authorities, the Declaration of Debra K. Cook, and attached exhibits, all the pleadings, records, and files in this action and upon such further oral and documentary evidence as may be presented at the hearing of this motion. Pursuant to the provisions of Local Rule 7-3, this motion is made following the conferences of counsel which took place on December 11, 2023.

DATED: December 18, 2023          OFFICE OF THE CITY ATTORNEY

By: ____/s/ Debra K. Cook_____
DEBRA K. COOK
Attorneys for Defendants,
CITY OF RIVERSIDE and EVAN WRIGHT

-3-

DEFENDANTS' MOTION IN LIMINE NO. 4
TO EXCLUDE CERTAIN OPINIONS BY
PLAINTIFF'S EXPERT DR. AMY
MAGNUSSON
CASE NO. 5:21-cv-02140-PSG(JCx)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Plaintiff XAVIER LOPEZ ("Plaintiff") designated Dr. Amy Magnusson ("Dr. Magnusson") as a medical expert in life care planning and rehabilitation. Dr. Magnusson is board certified in physical medicine and rehabilitation, with subspecialties in spinal cord and brain injury. Dr. Magnusson fails to provide any credible medical basis for her opinions concerning Plaintiff's life care and rehabilitative plan specific to injuries sustained on January 26, 2021. Instead, she conflates those injuries with subsequent **wrist** and **orthopedic** injuries unrelated to the shooting. In addition, Dr. Magnusson is not certified in psychology and has not been designated as a psychological expert. Finally, Dr. Magnusson has no expertise in medical billing or the reasonable value of past or future medical care that has been, or may be, incurred by Plaintiff based on any past or speculative future care needed.

## II. THE COURT SHOULD EXCLUDE ALL THE OPINIONS OF DR. MAGNUSSON BECAUSE SHE DOES NOT HAVE SUFFICIENT FACTUAL OR SCIENTIFIC SUPPORT FOR HER OPINIONS

The standard for expert testimony is set forth in FRE 702 and interpreted by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), and its progeny. "Where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question…, the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" (*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999).) If the testimonial evidence fails in this regard, the expert opinion is inadmissible. *(Id.)*

-4-

DEFENDANTS' MOTION IN LIMINE NO. 4
TO EXCLUDE CERTAIN OPINIONS BY
PLAINTIFF'S EXPERT DR. AMY
MAGNUSSON
CASE NO. 5:21-cv-02140-PSG(JCx)

In applying FRE 702, the Court functions as a gatekeeper, determining whether proffered expert testimony meets the requirements of FED. R. EVID. 702 by a preponderance of the evidence. (*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F. Supp. 2d 1021, 1026 (C.D. Cal. 2013) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).) The offering party must prove admissibility, by a preponderance of the evidence, that (1) the expert is qualified to render the opinion; and (2) the opinion offered has adequate factual and scientific support for that opinion. (*Id*. at 592-93; *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 592-3. (9th Cir. 1996).)

Expert opinions are properly excluded if the *Daubert* standard is not met. (See *Lash v. Hollis*, 2007 U.S. Dist. LEXIS 3633, *12 (E.D. Mo. 2007).) Moreover, an expert is only permitted to testify "within the reasonable confines of his subject area." (*Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 839 (9th Cir. 2011) (quoting *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969–70 (10th Cir. 2001)).) "[M]erely possessing a medical degree is not sufficient to permit a physician to testify concerning any medical-related issue. [Citations]." (*Ralston*, supra, 275 F.3d at 970.)

The 9th Circuit has not definitively established whether expert testimony on future medical care or expenses should be held to a "reasonable degree" standard of either "medical certainty" or "medical probability." However, FRE 702 mandates that expert testimony be based on **sufficient facts or data, is the product of reliable principles and methods, and those principles and methods have been applied reliably to the facts of the case**. Dr. Magnusson's opinions are speculative conjecture based on old medical reports and injuries sustained subsequent to the January 26, 2021 injury. (**Exhibit A**, *Dr. Magnusson Report, pp. 3-16 attached to Declaration of Debra K. Cook ("Cook Decl." ¶1).* Dr.

DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE CERTAIN OPINIONS BY PLAINTIFF'S EXPERT DR. AMY MAGNUSSON

Magnusson never examined Plaintiff in person, and her opinions are based on a Zoom call with Plaintiff alongside dated medical records for the shooting injuries. *(Exhibit A, Dr. Magnusson Report, pp.1-2, attached to the Cook Decl." ¶1).* Plaintiff has sought no treatment for the shooting injuries after 2021. *(Exhibit A, Dr. Magnusson Report, pp.13 attached to Cook Decl." ¶1).*

Even if some of Dr. Magnusson's opinions meet the minimal *Daubert* threshold, Dr. Magnusson is not qualified to render opinions regarding future **psychological** treatment in this matter. While Dr. Magnusson is board certified in physical medicine and rehabilitation, with subspecialties in spinal cord and brain injury, **she is not an expert, nor has a sub-specialty, in psychology or psychological treatment**. Further, Dr. Magnusson did not personally examine Plaintiff before concluding Plaintiff requires further psychological care. At best, Dr. Magnusson reviewed the reports of other medical doctors to determine Plaintiff experiences "mood disorder, noted as having Anxiety/Posttraumatic Stress Disorder; potential grief secondary to losses, including physical abilities, emotional wellbeing, employment, parenting; [and] problems related to life management functions, limitation of activities." *(Exhibit A, Dr. Magnusson Report, pp.17 attached to Cook Decl." ¶1).* Based off this review, Dr. Magnusson opines that Plaintiff requires future psychological care including, "management of emotional issues secondary to a combination of chronic pain and loss of functional status; to provide emotional adjustment and supportive psychotherapy/counseling, for education, skill-building, and coping strategies, for loss and grieving; and individual therapy- 25 sessions."

Even if qualified to make such a recommended treatment, Dr. Magnusson has failed to establish that such an opinion is based on adequate factual and scientific support, as required for admissibility. See *Daubert* at 592-93.

-6-

DEFENDANTS' MOTION IN LIMINE NO. 4
TO EXCLUDE CERTAIN OPINIONS BY
PLAINTIFF'S EXPERT DR. AMY
MAGNUSSON
CASE NO. 5:21-cv-02140-PSG(JCx)

Further, Dr. Magnusson provides no reference to any peer-reviewed articles she might have relied upon in reaching such an opinion and her self-reported experience fails to demonstrate that she has participated in any research or studies regarding psychological care.

Thus, Dr. Magnusson's opinion regarding Plaintiff's future psychological care, including the number of treatments Plaintiff requires fails to meet the evidentiary requirements as provided in *Daubert* and should be precluded from offering such an opinion, at trial.

### III. THE COURT SHOULD ALSO EXCLUDE TESTIMONY OF DR. MAGNUSSON THAT RELATES TO A MEDICAL BILLING OR THE REASONABLE VALUE OF PLAINTIFF'S PAST OR FUTURE MEDICAL CARE

As analyzed, *supra*, an expert's opinions cannot be offered if the expert has no expertise or qualifications on the subject matter. Just as Dr. Magnusson has no expertise in psychological care that falls outside her medical specialization, she also has no expertise in the reasonable value of other physicians' medical services. Because she has no expertise on these topics, she cannot meaningfully assist the jury on the reasonable value of past or future medical care.

### IV. MEET AND CONFER

Defendants met and conferred with Plaintiff's counsel via telephone on the substance of this motion *in limine* on December 11, 2023 but an agreement could not be reached. *(Cook Decl. ¶2)*.

### V. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this Motion *in limine* No. 4 and exclude any opinions of Dr. Amy Magnusson. However, even if some of the opinions are deemed admissible, none of the

-7-

DEFENDANTS' MOTION IN LIMINE NO. 4
TO EXCLUDE CERTAIN OPINIONS BY
PLAINTIFF'S EXPERT DR. AMY
MAGNUSSON
CASE NO. 5:21-cv-02140-PSG(JCx)

opinions concerning Plaintiff's future psychological care and the cost of past or future medical care are within her area of expertise.

DATED: December 18, 2023                OFFICE OF THE CITY ATTORNEY


By: ____/s/ Debra K. Cook_____
DEBRA K. COOK
Attorneys for Defendants,
CITY OF RIVERSIDE and EVAN WRIGHT

-8-

DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE CERTAIN OPINIONS BY PLAINTIFF'S EXPERT DR. AMY MAGNUSSON
CASE NO. 5:21-cv-02140-PSG(JCx)

# DECLARATION OF DEBRA K. COOK

I, DEBRA K. COOK, am licensed to practice law in all the state and federal courts in the State of California. I am admitted in U.S. District Court of California – Central District. I am presently employed as a Senior Deputy City Attorney for the City of Riverside and am counsel of record for Defendant CITY OF RIVERSIDE ("City") and EVAN WRIGHT ("Sgt. Wright") (collectively "Defendants") in this matter. I have personal knowledge of the information contained in this declaration and, if called, have sufficient competency to testify concerning this information.

1. Attached as **Exhibit "A"** is a true and correct copy of relevant portions of Dr. Ann Magnusson's Rule 26 Expert Report.

2. On December 11, 2023, my supervisor and another lawyer assigned to this matter met and conferred with Plaintiff XAVIER LOPEZ's ("Plaintiff") counsel via telephone about our intentions of filing the instant motion *in limine*. I was in trial at the time and could not participate. Despite the attempt to meet and confer on this issue, the parties were not able to stipulate to exclude either all, or a portion of, Dr. Magnusson's opinions. Attached as **Exhibit "B"** is a true and correct copy of the December 11, 2023 and December 12, 2023 correspondences.

I declare the foregoing to be true and correct under penalty of perjury pursuant to the laws of the United States.

Executed this 18th day of December 2023, in the City of Riverside, California.

    */s/ Debra K Cook*
DEBRA K. COOK
Declarant

-9-

DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE CERTAIN OPINIONS BY PLAINTIFF'S EXPERT DR. AMY MAGNUSSON
CASE NO. 5:21-cv-02140-PSG(JCx)