PHAEDRA A. NORTON, CITY ATTORNEY, SBN 200271
REBECCA MCKEE-REIMBOLD, ASSISTANT CITY ATTORNEY, SBN 279485
DEBRA K. COOK, DEPUTY CITY ATTORNEY, SBN 250114
JACOB S. GUERARD, DEPUTY CITY ATTORNEY, SBN 316476
CECILIA ROJAS, DEPUTY CITY ATTORNEY, SBN 340468
**OFFICE OF THE CITY ATTORNEY – CITY OF RIVERSIDE**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
gforce@riversideca.gov

Attorneys for Defendants,
CITY OF RIVERSIDE, a California charter city
and municipal corporation and EVAN WRIGHT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LOPEZ,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY OF RIVERSIDE; EVAN WRIGHT; and DOES 1 through 10, inclusive<br><br>             Defendants. | CASE NO.: 5:21-cv-02140-PSG(JCx)<br>*[Assigned to Hon. Philip S. Gutierrez, Courtroom: 6A]*<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE AND LIMIT THE OPINIONS OF PLAINTIFF'S NONRETAINED EXPERTS**<br><br>Date Action Filed: 12/28/21<br>Trial Date:   February 1, 2024 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL PLEASE TAKE NOTICE:**

On January 19, 2024, at 2:00 p.m., or as soon afterwards as the matter may be heard, in Courtroom 6A, located at 350 West First Street, Los Angeles, California, Defendants EVAN WRIGHT ("Sgt. Wright") and CITY OF RIVERSIDE ("City") (collectively "Defendants") will move *in limine* for an order

to exclude from trial any and all evidence, references, argument and testimony by Plaintiff ("XAVIER LOPEZ"), Plaintiff's counsel, the parties, witnesses, and experts of Sgt. Wright's prior incidents involving the use of deadly force and past discipline.

This motion is made pursuant to FEDERAL RULES OF EVIDENCE 401 and 402 (relevance), 403 (unfair prejudice, confusion of issues, misleading the jury, and undue consumption of time), and 404 (improper character evidence), on the grounds that such evidence is irrelevant and improper character evidence and that if the evidence were admitted, there is a danger that defendants would be unfairly prejudiced, there would be confusion of issues, misleading of the jury, and the evidence would require undue consumption of time.

This motion is based on the attached memorandum of points and authorities, all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion. This motion is made following the conferences of counsel which took place on December 11, 2023.

DATED: December 18, 2023         OFFICE OF THE CITY ATTORNEY


By:   */s/ Debra K. Cook*
     DEBRA K. COOK
     ATTORNEY FOR DEFENDANTS
     CITY OF RIVERSIDE and EVAN
     WRIGHT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

In Plaintiff's Initial Expert Disclosures he designated twenty-six (26) non-retained experts. Those experts were treating physicians or a nonspecified "representative" of the treating physician

## II. STATEMENT OF FACTS

On November 16, 2023, in Plaintiff's Initial Expert Disclosures he designated twenty-six (26) non-retained experts. Those experts were treating physicians (or, alternatively a nonspecified "representative" of the treating physician) who were all identified to testify to the same thing: "evaluation, signs and symptoms, treatment, diagnosis, prognosis, treatment plan, and cost of care" for Plaintiff's injuries. *(Exh. A, Plaintiff's Initial Expert Disclosures, pg:ln 3:3-4, 8-9, 14-15, 20-21; 4:3-4, 7-8, 13-14, 17-18, 23-24; 5:2-3, 7-8, 12-13, 17-18, 22-23; 6:2-3, 7-8, 12-13, 17-18, 23-24; 7 ;3-4, 8-9, 13-14, 19-20, 24-25; 8:2-3, 7-8, attached to the Declaration of Debra K. Cook ("Cook Decl.") ¶ 1)*. After meeting and conferring concerning the excessive non-retained experts and the insufficiency of disclosures concerning their opinions, on November 30, 2023, Plaintiff served an amended Initial Expert Disclosure reducing the designated nonretained experts to four (4). *(Exh. B, Plaintiff's Amended Initial Expert Disclosures, pg:ln 3:2-11:28 attached to the Cook Decl. ¶2)*. In Plaintiff's Amended Initial Disclosure, served two weeks after the deadline to disclosure expert witnesses, a new nonretained expert was disclosed: Oluwatosin Fawibe. *(Exhs.A, B, attached to the Cook Decl. ¶¶1,2)*. In the amended disclosures, Plaintiff merely copied pages of medical records into the "facts and *opinions*" to which each of the four (4) nonretained experts would testify. None of these expert designations articulated the opinions concerning "evaluation, signs and symptoms, treatment, diagnosis,

prognosis, treatment plan, and cost of care." It was objectively impossible to discern what these experts' opinions would be.

### III. THE FAILURE TO DISCLOSE THE OPINIONS OF NONRETAINED EXPERTS PRECLUDES THE UNDISCLOSED OPINIONS AT TRIAL

"Under the Federal Rules, '[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.' " FRE 702. "A party must disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial." Id. "Disclosure of a non-retained expert 'must state: (i) the subject matter on which the witness is expected to present evidence ...; and (ii) a summary of the facts and opinions to which the witness is expected to testify.' " FED. R. CIV. P. 26(a)(2)(C)). "A disclosure must be corrected 'in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)).

Plaintiff did not timely disclose Oluwatosin Fawibe as a nonretained expert. His untimely disclosure precludes his testimony at trial. However, more importantly, nowhere in Plaintiff's amended disclosure does Plaintiff identify any opinions of the nonretained experts opinions expected to be offered at trial. The amended disclosures may not expand upon the subject matter identified in the initial disclosures and the experts cannot testify to expert opinions outside the narrow bounds of their Rule 26(a)(2)(C) disclosures. Plaintiff's first disclosures were too vague and boilerplate. Plaintiff's amended disclosures added a new

-4-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 5
TO EXCLUDE AND LIMIT THE OPINIONS
OF PLAINTIFF'S NONRETAINED
EXPERTS

nonretained expert and provides no opinions for any of the nonretained experts. A party who fails to provide required information "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. *See* FED. R. CIV. P. 37(c)(1) (."). E.g., *Wishtoyo Found. v. United Water Conservation Dist.,* No. CV 16-3869-DOC (PLAx), 2017 WL 6940510, at *15 (C.D. Cal. Dec. 1, 2017) (excluding portions of non-retained expert witness deposition testimony for party's failure to properly disclose pursuant to Rule 26(a)(2)); *Krause v. Hawaiian Airlines, Inc.*, No. 2:18-cv-00928 JAM AC, 2019 WL 13225251, at *5-6 (E.D. Cal. June 7, 2019) (declining to strike expert testimony, notwithstanding deficient Rule 26(a)(2)(C) disclosures, subject to renewal of motion).

"[A] treating physician is only exempt from 26(a)(2)(B)'s written report requirement [and thus permitted to provide a more limited disclosure under Rule 26(a)(2)(C)] to the extent that his opinions were formed ***during the course of treatment***," and held that the doctors in that case were retained experts for purposes of Rule 26(a)'s disclosure requirements. *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 826 (9th Cir. 2011). Central to the Ninth Circuit's conclusion was the fact that the testimony the doctors intended to proffer went ***beyond*** their percipient knowledge. Applying the Ninth Circuit's reasoning in *Goodman*, courts considering whether expert witnesses—including physicians—are "non-retained" or "retained" have found the nature of the expert's testimony particularly important: when an expert is to offer testimony limited to his or her percipient knowledge, i.e., knowledge and opinions formed at the time an earlier evaluation or report was made, the expert is treated as a non-retained expert; however, *Goodman* held that when witness's testimony relies on information beyond his or her percipient knowledge, the witness is treated as a retained expert and is subject to the same requirement.

-5-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 5
TO EXCLUDE AND LIMIT THE OPINIONS
OF PLAINTIFF'S NONRETAINED
EXPERTS

Here, Plaintiff's nonretained expert disclosure included opinions from outside the nonretained expert's expertise, or are based on work that other physicians ordered or performed. *(Exh. B, Plaintiff's Amended Initial Expert Disclosures, pg:ln 7:8, 8:9-10, 11:6 attached to the Cook Decl. ¶2)*. Specifically, Plaintiff designates Dr. Fawibe's testimony to include his "review and analysis of radiological reports" and "orders made by Dr. Mahmoud and other physicians. *(Id. at 7:8, 8:9-10).* The same is true of Dr. Katz, who reviewed other physicians' diagnostic tests. *(Exh. B, Plaintiff's Amended Initial Expert Disclosures, pg:ln 8:27, 9:11 attached to the Cook Decl. ¶2)*. Dr. Manika similarly is expected to testify about his review of radiology reports and findings. *(Exh. B, Plaintiff's Amended Initial Expert Disclosures, pg:ln 11:6 attached to the Cook Decl. ¶2)*. Again, any testimony outside of the treating doctors' percipient knowledge arising from the work performed by that designated expert is subject to Rule 26 report requirements. Accordingly, none of these nonretained experts should be permitted to testify at trial; or should be limited to their own observations for the treatment they performed.

## MEET AND CONFER

Defendants met and conferred with Plaintiff's counsel via telephone on the substance of this Motion in Limine on December 11, 2023 but an agreement could not be reached. *(Cook Decl.¶ 3)*.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this Motion *in limine* No. 5 and issue an order excluding from trial the untimely and insufficiently disclosed opinions of Plaintiff's nonretained experts.

-6-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 5
TO EXCLUDE AND LIMIT THE OPINIONS
OF PLAINTIFF'S NONRETAINED
EXPERTS

DATED: December 18, 2023	OFFICE OF THE CITY ATTORNEY

By: _/s/ Debra K. Cook_
DEBRA K. COOK
ATTORNEY FOR DEFENDANTS
CITY OF RIVERSIDE and EVAN WRIGHT

-7-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE AND LIMIT THE OPINIONS OF PLAINTIFF'S NONRETAINED EXPERTS

# **DECLARATION OF DEBRA K. COOK**

I, DEBRA K. COOK, am licensed to practice law in all the state and federal courts in the State of California. I am admitted in U.S. District Court of California – Central District. I am presently employed as a Senior Deputy City Attorney for the City of Riverside and am counsel of record for Defendant CITY OF RIVERSIDE ("City") and EVAN WRIGHT ("Sgt. Wright") (collectively "Defendants") in this matter. I have personal knowledge of the information contained in this declaration and, if called, have sufficient competency to testify concerning this information.

1. Attached as **Exhibit "A"** is a true and correct copy of Plaintiff's November 16, 2023 Rule 26 Expert Disclosure.

2. Attached as **Exhibit "B"** is a true and correct copy of Plaintiff's November 30, 2023 Amended Rule 26 Expert Disclosure.

3. On December 11, 2023, my supervisor and another lawyer assigned to this matter met and conferred with Plaintiff XAVIER LOPEZ's ("Plaintiff") counsel via telephone about our intentions of filing the instant motion *in limine*. I was in trial at the time and could not participate. Despite the attempt to meet and confer on this issue, the parties were not able to stipulate to exclude either all, or a portion of, Plaintiff's nonretained expert opinions. Attached as **Exhibit "C"** is a true and correct copy of the December 11, 2023 and December 12, 2023 correspondences.

I declare the foregoing to be true and correct under penalty of perjury pursuant to the laws of the United States. Executed this 18th day of December 2023, in the City of Riverside, California.

                                             */s/ Debra K Cook*
                                             DEBRA K. COOK
                                             Declarant

-8-

CASE NO. 5:21-cv-02140-PSG(JCx)
DEFENDANTS' MOTION IN LIMINE NO. 5
TO EXCLUDE AND LIMIT THE OPINIONS
OF PLAINTIFF'S NONRETAINED
EXPERTS