1
2
3
4
5
6       **UNITED STATES DISTRICT COURT**
7       **CENTRAL DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| 9  XAVIER LOPEZ, | CASE No.: 5:21-cv-02140-PSG (JEMx) |
| 10              Plaintiff, | [*Honorable Philip S. Gutierrez*] Magistrate Judge John E. McDermott |
| 11       vs. | |
| 12  CITY OF RIVERSIDE; EVAN | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* No. 1 TO EXCLUDE AFTER-ACQUIRED AND INVESTIGATORY INFORMATION UNKNOWN** |
| 13  WRIGHT; and DOES 1 through 10, inclusive, | |
| 14              Defendants. | |
| 15 | **Pretrial Conference**: |
| 16 | January 19, 2024, at 02:00 p.m. |
| 17 | **Jury Trial** |
| 18 | February 1, 2024, at 09:00 a.m. |
| 19 | 350 West 1st Street, 6A, 6th Floor Los Angeles, California 90012 |
| 20 | |

21   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22       Having reviewed Plaintiff's Motion *in Limine* No. 1 to Exclude After-

23   Acquired and Investigatory Information Unknown, and GOOD CAUSE appearing

24   therein, Plaintiff's Motion is HEREBY GRANTED that it is excluded from trial

25   any evidence, testimony, argument, or reference at trial to any information

26   unknown to Defendant Wright at the time of his use of deadly force, including:

27       a)       Information unknown at the time of the incident related to Plaintiff's

28   criminal history, including: details related to Plaintiff's arrests; details related

to Plaintiff's convictions; details related to Plaintiff's contacts with law enforcement prior to the incident; any arrests or contact with law enforcement post-incident; restraining orders; any arrest that did not result in conviction; and statements from third-party individuals related to whether Plaintiff had a lot of trouble with the law.

b)      Information unknown at the time of the incident related to Plaintiff's drug and alcohol history, including pre- and post-incident use or possession of drugs or alcohol; and whether third-party individuals believed that Plaintiff was under the influence of drugs or alcohol at some time prior to the incident or had any substance abuse problems during his life.

c)      Information unknown at the time of the incident related to Plaintiff's toxicology results and whether he was under the influence or used drugs or alcohol on the day of the incident, including whether Plaintiff used or possessed drugs or alcohol in the morning of the incident.

d)      Information unknown at the time of the incident related to other crimes, wrongs, or acts attributable to Plaintiff, including gang affiliation, gang monikers, contact with gang members, gang culture, gang activities, or tattoos.

e)      Information unknown at the time of the incident related to other crimes, wrongs, or acts attributable to Plaintiff, including fights, arguments, or contact with persons that reside in and round the Avila house where the incident occurred, including: issues with an elderly neighbor; throwing an object over a neighbor's fence; yelling or arguing with in the street or at night; parties at Plaintiff's grandmother's house; his manner of driving around the neighborhood; police coming to the house to investigate; whether Plaintiff and Avila were having problems with who Plaintiff could visit with; whether Plaintiff ever stalked Availa; whether Plaintiff had a propensity for violence; whether Plaintiff had a history of threatening anyone including Antonio

Avila, Carina Avila, Alice Garcia or any neighbors; whether Plaintiff ever slashed or popped anyone's tires or shattered or cracked anyone's windshield; whether Plaintiff ever entered the Avila house without permission; whether Plaintiff ever threw a water bottle at anyone's car; whether Plaintiff ever broke a door at the Avila house; whether Plaintiff ever attempted to take anyone's cell phone or prevent them from making a call; whether Plaintiff harassed, tormented, or terrorized any neighbors or person; statements that Plaintiff is "the worst of the worst"; statement that Plaintiff is "pretty dangerous"; whether neighbors called Plaintiff "the hemorrhoid"; statements that Plaintiff is a heinous person, horrible person, or disgusting person; statements that Plaintiff hurts people; statements that Plaintiff has taken a person's peace of mind; Alice Garcia statements that she lives in constant fear of Plaintiff; statements related to Plaintiff's family such as "crackhead mom"; statements that people who use drugs "probably might even hurt kids".

f)      Information unknown (i.e., details) at the time of the incident related to the gun in Plaintiff's possession during the incident, including whether it was loaded, how it was acquired, the type of gun or ammunition, whether Plaintiff was known to carry a gun, whether third-party individuals knew Plaintiff to have a gun at any time.

g)      Information unknown at the time of the incident related to Plaintiff's childhood; personal history; hanging around with "bad people"; his upbringing; family history; any issues related to child protective services; any issues with visitation or custody or his child; any issues with child support; and government assistance.

h)      Information unknown at the time of the incident related to post-incident threatening messages and/or statements sent made by person's other than Plaintiff (e.g., Marisol Garcia, Plaintiff's mother) to any other third-party person (e.g., Carina Avila).

i)      After-acquired investigatory reports, interviews, videos, and information obtained by officers with the Riverside Police Department ("RPD") after the incident.

- That on August 2, 2020, Mr. Lopez was released on parole.

- That on September 14, 2020, at 1:00 a.m., the RPD received a report that Plaintiff entered the Avila residence through an unlocked front entrance, went into his daughter's bedroom, and removed her from the house, then abandoned her at a neighbor's house in the dark.

- That on September 15, 2020, Plaintiff returned to the Avila residence and attempted to remove his child again.

- That on September 21, 2020, Plaintiff was arrested on his outstanding warrant and was subsequently released on October 15, 2020.

- That on September 21, 2020, RPD Officer Arthur Ramirez contacted Plaintiff during a routine pedestrian check when he discovered the active parolee-at-large warrant. Officer Ramirez arrested Plaintiff and he was placed in the Robert Presley detention center for burglary and child endangerment.

- That on September 30, 2020, Plaintiff was sanctioned 120 days in custody with an expected release date of November 19, 2020.

- That Plaintiff was released on or about October 15, 2020.

- The 9-1-1 call made by Carina Avila on January 17, 2021, and any reports generated from that call or officer response.

- The dash camera video from Officer Prado's vehicle on January 19, 2021.

- Post-Incident Officer Reports drafted related to this incident.

- Post-Incident Calls between Detectives and Carina Avila.

- Post-Incident Search Warrant or findings therefrom.

1      •      Post-Incident RPD Critical Incident Video.

2      •      DOJ Firearms Trace Summary.

3      •      RPD Forensic Unit Semi-Auto Pistol Form.

4      •      Post-shooting investigation items found on Lopez's person

5      and/or in Lopez's vehicle with any inference to wrongs of bad acts,

6      including drug and/or alcohol paraphernalia, clothing, documents, cell

7      phone, and/or ammunition.

8      j)      Post-incident findings by the Riverside County District Attorney's

9      Office related to whether the RCDA would press criminal charges against

10     Defendant Wright.

11     k)      Post-incident findings by the RPD, Chief of Police, and/or any form of

12     Use of Force Review Board or Internal Affairs related to whether the use of

13     deadly force by Defendant Wright was objectively reasonable, necessary,

14     proportional, or within policy.

15

16     The basis for this order is that this and any other information unknown to

17     Defendant Wright at the time of his use of deadly force is irrelevant to the analysis

18     as impermissible hindsight evidence; any probative value it may have is

19     substnatially outweighed by the substnatial risk of unfair prejudice, confusing the

20     issues, wasting time, and misleading the jury; this information constitutes improper

21     character evidence and inadmissible hearsay. Federal Rules of Evidence, Rules 401,

22     403, 404, 801; *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

23

24     **IT IS SO ORDERED.**

25

26     DATED:_____                    _____

27                                                              Honorable Philip S. Gutierrez

28                                                              United States District Judge